William F. Keeler *et al.*, Plaintiffs in Error, *v.* George C. Campbell, Defendant in Error.

ERROR TO LA SALLE COUNTY COURT.

It is erroneous to render a judgment by *nil dicit*, on a declaration having a special count and the common counts, upon the overruling of a demurrer to the special count, when there is a general issue filed to the common counts.

A declaration upon an assigned note is obnoxious to a demurrer, which only avers that the note was "assigned and delivered;" it should aver an indorsement.

Upon overruling a demurrer to a special count, the defendant not answering further, a judgment *nil dicit* should be rendered on that count; and when the jury passes upon the common counts, the special count should also be passed upon, so that there may be but one judgment.

Keeler et al. *v.* Campbell.

THE facts of this case are stated in the opinion of the court.

D. L. HOUGH, for Plaintiffs in Error.

GLOVER, COOK & CAMPBELL, for Defendant in Error.

WALKER, J. This was an action of assumpsit, instituted in the court below, on an assigned note. The declaration contained a special count on the note, and the common counts. To the special count a demurrer was interposed, and the general issue was pleaded to the common counts. The court overruled the demurrer and defaulted the defendants, and assessed the damages, and rendered judgment therefor, without in any way disposing of the issue on the common counts. To reverse this judgment, defendant prosecutes this writ of error.

The objection urged upon demurrer to the special count, is that it only contains the simple averment that the note described in that count, was assigned and delivered to the plaintiff. It is only by force of the statute that the legal title to promissory notes can be assigned, and in doing so, it is essential that its substantial requirements should be complied with, to have that effect. The statute provides, that such instruments shall be assignable by indorsement thereon, under the hand or hands of the payee, and of his assignee or assignees in the same manner that bills of exchange are, so as absolutely to transfer the property thereof, in each and every assignee successively. By the provisions of this enactment, the legal title to such an instrument, can only be transferred to the assignee, by an indorsement on the note itself, under the hand of the person having the legal title. There is in this count no such averment. If the assignment had been made in writing on a separate piece of paper, or even orally with its delivery, this averment would have been proved. Such a transfer would have passed the equitable title, and yet the holder would have had no right to maintain an action in his own name. The declaration should have contained an averment that the indorsement was made on the note in accordance with the requirements of the statute, and failing in this, the demurrer was well taken, and the court below erred in overruling it.

It was also erroneous to assess the damages while the issue upon the common counts was undetermined. The correct practice required the court, when the defendant below abided by his demurrer to the special count, to enter a judgment *nil dicit* on that count, and then empannel a jury to try the issues of fact under the common counts, and on that trial to submit the assessment of damages under the judgment *nil dicit* to the

same jury. The court, or the clerk under its direction, had no power to assess the damages while there was an issue of fact pending in the cause. The practice does not warrant the splitting up causes of action, and the recovery of several judgments in chief, in the same case. We cannot judicially know that the common counts were on this note, and from aught that appears, the issue under the common counts is still pending, and subject to be at any time called. for trial. Such a practice has never obtained, and would tend to increased expense, and a multiplication of judgments, contrary to plain, simple and well established practice. We neither have the right nor inclination to change it, simply because it may work hardship in a single case.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*