TAYLOR *v.* McLAUGHLIN.

PRACTICE — *with issues pending judgment nil dicit is irregular.*  If, after issue joined, the defendant does not appear when the cause is called for trial, a jury should be impaneled to try the issue, and it is error to enter judgment *nil dicit.*

## *Error to Probate Court, Park County.*

THE action was upon a promissory note, and the defendant filed several pleas as stated in the report of this case at the last term, when judgment was reversed upon another ground. *Ante*, p. 12.

After the case was remanded, the plaintiff replied to the several pleas, and at the August term of the probate court the defendant not appearing, judgment of default was entered against him.   Upon the succeeding day the plaintiff, by J. M. Paul, his attorney, moved the court to set aside the judgment, which was accordingly done, and the plaintiff then moved for judgment *nil dicit.*   The record recites that the defendant, being three times solemnly called, came not, and that the damages were assessed by the clerk, whereupon the court gave judgment against defendant for $772.50 and costs.

Mr. ORRIS BLAKE, for plaintiff in error.

Mr. M. BENEDICT, for defendant in error.

BELFORD, J.   It is difficult to tell whether the judgment rendered in this case is for want of appearance or for want of pleas.   It purports to be a judgment *nil dicit.*   If we regard it as such, then it is clearly erroneous ; such a judgment could not have been entered with issues of fact existing and undisposed of.   *Gibson* v. *Smith*, 1 Col. 7 ; *Keeler* v. *Campbell*, 24 Ill. 287.

If, after filing his pleas, the defendant failed to appear and

participate in the proceedings, a jury should have been impaneled to try the issues and assess the damages. This precaution was not observed, and the judgment must be reversed. *Stevens* v. *Jones*, 1 Col. 67.

*Reversed.*