John Leppla *vs.* Frank J. Mackey and another, impleaded, etc.

July 25, 1883.

**Lease—Covenant with Condition in favor of Lessor's Assigns.**—A covenant in a lease for a renewal of the term, unless the party of the first part (lessor) wishes the land for building purposes, construed as a condition in favor, not only of the lessor, but of his assigns. The grantee of the reversion from the lessor might decline to renew the lease if he desired to use the land for building purposes.

The plaintiff brought this action in the district court for Hennepin county, to compel the execution by defendants of a lease of certain land, in accordance with the terms of a prior lease mentioned in the opinion. The action was tried by *Shaw,* J., without a jury, and judgment ordered and entered for defendants, from which the plaintiff appeals.

*Canty & Johnson,* for appellant.

Covenants for renewal in a lease run with the land, whether assignees are named or not. Wood's Landlord & Tenant, 505, 666; 1 Smith, Lead. Cas. 122; 1 Washburn on Real Prop. 500; *Piggot* v. *Mason,* 1 Paige, 412; *Vernon* v. *Smith,* 5 B. & Ald. 1.

At common law, only the benefit, and not the burden, of covenants ran with the land, and the covenants did not run with the reversion. 1 Smith, Lead. Cas. 110–113, 120, 123–133; 1 Washburn on Real Prop. 455, 475; 2 Id. 13, 14; *Cronin* v. *Watkins,* 1 Tenn. Ch. 119. The common law was changed by Stat. 32 Hen. 8, *c.* 34, which will be found in 1 Smith, Lead. Cas. 120. This statute was construed in *Spencer's Case,* 1 Smith, Lead. Cas. 115, and the construction then put on the statute has ever since been followed. Under this decision, the condition in this case, "unless the party of the first part wishes the land for building purposes," relates to something not *in esse,* and will not run with the reversion unless the assigns of the lessor are named. Wood's Landlord & Tenant, 500, 501; 1 Washburn on Real Prop. 501; *Hansen* v. *Meyer,* 81 Ill. 321; *Tallman* v. *Coffin,* 4 N. Y. 134; *Coffin* v. *Tallman,* 8 N. Y. 465; *Masury* v. *South-*

*worth,* 9 Ohio St. 340; *Cronin* v. *Watkins,* 1 Tenn. Ch. 119; *Bream*
v. *Dickerson,* 21 Tenn. 126; *Stevens* v. *Copp,* L. R. 4 Ex. 20; *Lucas*
v. *How,* Raymond, 250; *Griffith* v. *Pritchard,* 5 B. & Ad. 765.

Every doubtful grant is construed most strongly against the grantor.
Wood's Landlord & Tenant, 109; *Webb* v. *Dixon,* 9 East, 15. Con-
ditions are strictly construed, and the condition in this case can only
be satisfied by the original lessor, and if he, by transferring his in-
terest in the property, has deprived himself of the right to fulfil and
enforce it, it becomes of no account.

*Koon & Keith* and *Shaw & Cray,* for respondents.

DICKINSON, J.[1] Harmon leased land, of which he was the owner,
to Slosson, for the term of three years, "with the right," as expressed
in the lease, "to the said second party to a renewal of this lease at
the same yearly rental, and subject to the same conditions as herein,
for the further term of two years, unless the party of the first part
wishes the piece of land for building purposes." During the term of
the lease, the lessee assigned his interest to the plaintiff. The lessor
conveyed the land to the defendant Mackey, who, desiring to use the
land for building purposes, declined to renew the lease. The case
only calls for a determination of the legal rights and obligations of
the parties respecting a renewal of the lease.

Although the covenant for a renewal of the lease was made in
terms merely in favor of the lessee, it is well settled that such a cov-
enant runs with the land to one who, by assignment, comes to stand
in the place of the covenantee. And, since the covenant runs with
the land, it is obligatory, not only upon the covenantor, but upon his
grantee. The legal effect of the covenant is hence clearly the same
as if it read, "with the right to the said second party *or his assigns*
to a renewal of this lease *from the party of the first part or his assigns,*
* * * unless the party of the first part wishes the piece of land
for building purposes." Neither by the assignment to the plaintiff,
nor by the grant to the defendant Mackey, was the covenant for re-
newal discharged of the condition which was a part of it.

The only question in the case is as to the construction to be placed

[1] Mitchell, J., did not hear the argument or take part in the decision of this
case.

upon the terms of the condition. We seek to arrive at the intention of the contracting parties from a consideration of the terms in which their agreement is expressed. They are to be deemed to have understood that this covenant would be binding upon, and its performance might be enforced against, not only the then owner of the land, the lessor, but as well his heirs or grantees. In the light of this fact, we cannot reasonably construe the contract either as expressing the intention that the right to a renewal of the lease, in the event of a sale of the property by the lessor, or in the event of his death, should be still dependent upon his election to use the land, nor that, by such death or alienation, the substantial terms of the covenant should be so changed as to be no longer subject to any condition, and that the succeeding owner of the property should have no option, but must grant a renewal of the lease, although he might wish to build upon the land. We construe the clause as a condition inseparable from the covenant of which it is an integral part, and that it has the effect to reserve to the grantee of the reversion the same right of election that his grantor, the plaintiff's lessor, had.

Judgment affirmed.