FRANK J. LUDINGTON *vs.* MRS. JAY E. MERRILL.

Third Judicial District, Bridgeport, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The right to administer equitable as well as legal relief appertains to all our courts having jurisdiction of civil actions (except those held by a justice of the peace), unless it is otherwise expressly provided by statute.

The City Court of Waterbury has equitable as well as legal jurisdiction under the provisions of § 22 of the Act of 1895 (12 Special Laws, p. 60) amending the charter of that city.

Submitted on briefs October 30th—decided December 18th, 1908.

SUIT to foreclose a chattel mortgage on a piano, given to secure a note for $80, brought to the City Court of Waterbury where a motion to erase the cause from the docket because of the alleged want of jurisdiction in the court, and also a demurrer to the same effect, were overruled (*Burpee, J.*) and the cause was afterward tried to the court, *Peasley, Acting-Judge;* judgment for plaintiff, and appeal by the defendant. *No error.*

*Edward B. Reiley,* for the appellant (defendant).

*Wilson H. Pierce,* for the appellee (plaintiff).

HALL, J. This is an action to foreclose a mortgage on a piano, given to secure the payment of the defendant's note for $80. It was brought to the City Court of Waterbury, and the foreclosure of the mortgage was the only relief demanded in the original complaint. The amount of the matter in demand was therefore $80, the amount of the debt secured by the mortgage. General Statutes, § 541. The defendant moved to erase the case from the docket, and afterward demurred to the complaint, the ground of

both the motion and demurrer being that the City Court of Waterbury had no jurisdiction to grant equitable relief. The denial of the motion to erase and the overruling of the demurrer are the errors assigned in the appeal.

By § 533 of the General Statutes, justices of the peace are given jurisdiction of "all civil actions for legal relief, wherein the matter in demand does not exceed one hundred dollars. . . ." Section 534 provides that "all civil actions for equitable relief only, wherein the matter in demand does not exceed five hundred dollars, . . . shall be brought to the court of common pleas, except in counties where there is no such court." There is such a court in the county in which this action was brought. Section 562 provides that "all borough, city, police, and town courts, and the officers thereof, shall have all the powers and jurisdiction which shall have been conferred upon them."

Jurisdiction of civil actions was conferred by the legislature upon the City Court of Waterbury, by the following language of § 22 of a special act of 1895 (12 Special Laws, pp. 60, 65): "The city court shall have jurisdiction of all civil actions wherein the matter in demand does not exceed one hundred dollars, provided the parties, or either of them, reside within the limits of the town of Waterbury; and shall have power to hear and try the same with or without a jury as may be proper, and proceed therein to final judgment and execution according to law. . . . But from all final judgments or decrees rendered or passed by said court, . . . the party feeling aggrieved thereby may appeal. . . ."

No more apt words than "civil actions wherein the matter in demand does not exceed one hundred dollars" could have been used to describe actions in which equitable relief only, or legal relief only, or both equitable and legal relief, to the amount named, is demanded in the complaint. That jurisdiction of actions demanding equitable relief, as well as of those demanding legal relief, were intended to be con-

ferred by this section, is also indicated by the use of the word "all" with the words "civil actions," and by the provision for an appeal both from all judgments rendered and all *decrees* passed.

As used in the Practice Act, the term "civil actions" is clearly intended to include actions demanding equitable or legal relief, or both. To do away with the old names and forms of the different actions at law and in equity, and enable a plaintiff to always demand and obtain, in one proceeding called a "civil action," both such equitable and legal relief as the facts alleged in his complaint entitled him to receive, were some of the principal purposes and results of the adoption of our Practice Act.

Section 7 of the Practice Act (§ 613 of the General Statutes) provides that "in every civil action, not brought before a justice of the peace, the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies." It follows that all our courts to which civil actions, as defined by the Practice Act, may properly be made returnable, excepting justice courts, may, in the absence of express law to the contrary, apply both legal and equitable remedies in the determination of such actions.

The City Court properly denied the motion to erase, and overruled the demurrer.

There is no error.

In this opinion the other judges concurred.