ARTHUR L. GIERING ET AL. vs. THE HARTFORD THEO-
LOGICAL SEMINARY.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 1081, relating to summary process, provides that if the lessee holds over after the termination of the lease, and

"does not show a title in himself which accrued after the giving of the lease," judgment shall be rendered for the complainant. *Held* that whatever equitable right or interest in the premises a defendant might have acquired by virtue of some written agreement with the plaintiff respecting a further lease, such right or interest was not "a title" which could be of any avail to the defendant in an action of summary process; and that this was true even though upon the facts alleged in the answer a court of equity would have come to the defendant's relief.

In the present case the Seminary, which owned the premises in question, wrote to its tenants on June 16th, 1911, which was more than ten months before the expiration of their lease, that they might have a further lease for three years at an annual rental of $1,800, and that if they desired "a five year lease" the trustees of the Seminary "would be willing to grant two additional years at $2,000 per annum." On April 4th, 1912, less than a month before their lease expired, the defendants wrote asking to have "the new lease made as per your letter of June 16th for three years and the two year renewal clause at the prices mentioned." *Held* that the offer upon the part of the Seminary was either a three year lease or a lease for five years, while the letter of the defendants was not an acceptance of either proposal, since it called for a lease for three years with a two year renewal clause, under which the lessor would be bound for five years and the lessees for either three or five at their option.

The case of *Johnson* v. *Phœnix Mutual Life Ins. Co.*, 46 Conn. 92, distinguished.

Argued October 2d—decided November 1st, 1912.

WRIT OF ERROR to reverse a judgment of the City Court of Hartford, *Bullard, J.*, in an action of summary process. *No error.*

*William F. Henney* and *Thomas J. Spellacy*, for the plaintiffs in error.

*Charles Welles Gross*, for the defendant in error.

HALL, C. J. In using the words "plaintiff" and "defendants" in this opinion we shall refer to those parties in the action of summary process.

The complaint in summary process alleges that on July 22d, 1907, the plaintiff leased to the defendants'

assignor the Farmington Avenue Hotel property in Hartford, for the term of three years from May 1st, 1909, for the annual rent of $1,600; that the lease expired May 1st, 1912; that due notice to quit was given on April 23d, 1912; and that the defendants continued to hold possession after the expiration of said lease, and of the time limited in the notice.

The first defense of the answer, after admitting the allegations of the complaint, alleges, in substance, that "after the giving of said lease, a new and separate right and title in and to the premises accrued to the defendants " by reason of the offer made by the plaintiff and accepted by the defendants, shown by the writings Exhibits A and B attached to the answer; and that under the title accruing by them the defendants entered into possession of the premises on May 1st, 1912, and thereafter tendered the rent for each month as it fell due.

The second defense further alleges that by Exhibits A and B the plaintiff on June 16th, 1911, voted to lease the premises to the defendants for three years at $1,800 per annum, and to grant two additional years at $2,000 per annum, and submitted it to the defendants, and that on April 4th, 1912, they accepted said lease.

The following are the material parts of Exhibits A and B:—


"Exhibit A.

June 16, 1911.

Messrs. Bentley & Giering,
    Proprietors Farmington Avenue Hotel,
                Hartford, Conn.

Gentlemen:—

At a meeting of the Executive Committee of the Trustees of the Hartford Theological Seminary held today, it was voted to grant you, if you so desire a

lease of the premises now occupied by you for three years after the expiration of your present lease at the annual rent of $1,800. If you desire a five year lease they would be willing to grant two additional years at $2,000 per annum, both under same conditions as present lease. . . .

Yours very truly,

Security Company,

By Atwood Collins, Pres't."

"Exhibit B.

April 4, 1912.

Security Co.,

Hartford, Conn.

Gentlemen:—

Enclosed please find check for $134.17 which is the last payment on the lease which expires May first 1912.

Please to have the new lease made as per your letter of June 16th for three years and the two year renewal clause at the prices mentioned.

Mr. Giering and myself will be in between the hours of 10 and 11 a. m. Saturday to sign same.

Yours respectfully,

Bentley & Giering,

Per T. S. Bentley."

To this answer the plaintiff demurred upon these three grounds: (1) that the writings Exhibits A and B did not create a title in the defendants or constitute a lease; (2) that Exhibit B did not contain an acceptance of the offer made by Exhibit A; and (3) that the alleged acceptance was not made within a reasonable time.

The City Court sustained the demurrer and rendered judgment for the plaintiff, stating in effect, in its

memorandum of decision, that it sustained the first two grounds of demurrer above stated, and overruled the third.

There was no error in such decision. Section 1081 of the General Statutes provides that in actions of summary process, if it shall be found that the defendant is the lessee of the plaintiff and holds over after the termination of his lease, and after the expiration of the time specified in the notice to quit, and the defendant does not show " a title " in himself, judgment shall be rendered for the plaintiff.

Such equitable rights or interest in the premises as the defendants in the summary process may have acquired by reason of an agreement between them and the plaintiff in that action, that a further lease should be given them, did not constitute a "title" in the defendants within the meaning of that word in the statute cited. Even though the facts alleged in the answer show that a court of equity would have granted equitable relief upon the refusal of the plaintiff to give the defendants the lease which it is claimed was agreed should be given, such facts could not avail the defendants in the action of summary process. Actions of summary process can generally be tried only before a justice of the peace, either with or without a jury. It is not within the province of a justice court to apply equitable remedies. *Ludington* v. *Merrill*, 81 Conn. 400, 71 Atl. 504.

The question of the right of the defendants to avail themselves of such facts as a defense in the trial of an action of summary process, is fully discussed in the recent case of *Platt* v. *Cutler*, 75 Conn. 183, 186, 52 Atl. 819. In that case, which was an appeal to this court from the decision in an action of summary process, there was a written lease for one year from January 1st, 1901, containing a provision for a renewal for two additional

years, if the lessee desired it and had complied with the conditions of the first lease. The defendant notified the plaintiffs that he desired to renew the lease. The plaintiffs refused to give the renewal, upon the ground that the defendant had failed to comply with the conditions of the first lease, and gave the defendant notice to quit on or before January 18th, 1902, and, upon his refusal, brought an action of summary process on the 21st of January, 1902. The trial court rendered judgment for the defendant upon the ground that the plaintiffs had waived the right to claim a forfeiture on account of any breach of the condition of the original lease, and that the lease (manifestly because of the renewal clause) had not terminated by lapse of time on the 18th of January, 1902.

In holding that there was error in such judgment this court said, in the opinion by CHIEF JUSTICE TORRANCE: "The lease was for the term of one year only, and the year had expired. The agreement for renewal conveyed no right nor interest in the premises beyond the term. At most it gave the defendant a right, if he complied with the conditions upon which the right was based, to obtain a lease for two years more, but he did not in fact obtain such a lease. If we assume for the purposes of argument that he was entitled to such a lease, still his request for it was refused. The existence of the agreement on the part of the plaintiffs to give such a lease, the existence of a right on the part of the defendant to have such a lease, and his request for it, and the refusal of the plaintiffs to give it,—these facts, neither singly nor combined, gave the defendant any right or title in the premises beyond the year 1901, nor any right nor title to the premises in question that could avail him in this action. All these facts, if true, might entitle the defendant to a lease for two years more, but they did not constitute, nor operate as,

such a lease; and unless they had this effect they were of no avail in this case."

In view of the law thus stated, we think it cannot be said in the present case that even a fully completed and valid agreement between the parties, under which the defendants became justly entitled to another lease for three years, or for five years, or for three years with a right of renewal for two additional years, would either constitute a new lease, or would give the defendants any "right" or "title" or "interest" in the premises after May 1st, 1912, which could avail them in the action of summary process.

In support of the claim that Exhibits A and B should, upon the alleged facts in the answer, be held to constitute a lease in themselves, the defendants cite the case of *Johnson* v. *Phœnix Mut. Life Ins. Co.*, 46 Conn. 92. This was an action by the lessor against the lessee, to recover rent claimed to be due under an alleged written lease for the term of ten years. The facts were found by a committee, and the judgment was for the plaintiff and was sustained upon appeal. In this court, as stated in the opinion, the case turned upon the question of whether the writing received in evidence was a lease or merely an agreement for a lease. The more significant language of the somewhat lengthy writing claimed to be the lease, and which was submitted by the plaintiff to the defendant, was as follows:—

"Hartford, Conn., Dec. 26, 1870. To the Officers and Directors of the Phœnix Mutual Life Insurance Company: Gentlemen:—Desiring to rent the office now occupied by you for a term of years, I propose to [make certain described repairs and changes in the building]. And to rent the whole building above the main floor, after these improvements are made, for ten years, at the annual sum of $3,500,

payable quarterly; . . . the lease to commence April 1, 1871. . . . This is the proposition I make to the officers and directors of the Phœnix Mutual Life Insurance Company, for the rent of the above described premises for ten years from April 1, 1871." This was signed by the plaintiff, and appended to it was the following: "The above proposition was accepted by our directors, January 9, 1871. E. Fessenden, *President.*" This document was executed in that manner in duplicate. "The defendants took possession April 1st, 1871, occupied the premises up to July, 1876, paying rent according to the terms of the instrument, and during all that time both parties treated it as a lease."

The opinion says that whether this instrument is a lease or an agreement for a lease, "depends upon the intention of the parties as gathered from the language used when interpreted in the light of the surrounding circumstances." "The language of the instrument," says the court, "indicates a present lease to commence in the future. There is no reference to a formal lease or other writing to be thereafter executed. . . . No other writing is contemplated by the language, and none was in fact executed or called for. . . . We think it is very clear that both parties intended it as a lease."

The differences between the case cited and the one at bar are marked. The language of Exhibit A in the present case does not indicate that it was submitted to the defendants as a present lease. It is no more than a communication to the defendants that if they desired another lease for three or for five years at the rent named, the plaintiff would give it to them. Exhibit B contains no acceptance of Exhibit A as a present lease, but asks to have *a new lease* made, and fixes the time for its execution, and further asks that it contain a provision not named in Exhibit A, namely,

a renewal clause. It does not appear that either the plaintiff or the defendants ever in any manner treated Exhibits A and B as constituting a present lease, unless it can be said that the defendants so treated them by retaining possession after the expiration of the term of the first lease and after their request for a new lease, and by tendering the rent, which was apparently not received. We think it is very clear in this case that the parties never intended Exhibits A and B as a new lease.

We are further of the opinion that upon a proper interpretation of the language of Exhibits A and B the latter does not contain an acceptance of either of the two proposals submitted in Exhibit A. The proposals were either a new lease for three years, or a "five year lease" at the rent named. The defendants were in effect asked to state before the proposed new lease should be executed, whether they desired a new lease for three years or a "five year lease" at the stated rent. Clearly the defendants did not decide to accept a lease for three years, except upon the condition that it contained a "two year renewal clause," a provision which Exhibit A did not suggest should be contained in the three year lease. A lease for three years with a renewal clause for two years is something more than a lease for three years. It is equally clear that an agreement to accept a three year lease with a two year renewal clause is not an agreement to accept a "five year lease," which would require the tenant to pay the named rent for the period of five years. Giving to the term "renewal clause" its ordinary meaning, it would, if contained in the proposed three year lease, have given the defendants the right to a further term of two years, at the increased rent, after the expiration of the new three year lease, without requiring them to take such renewal.

Whether the alleged acceptance by Exhibit B on the 4th of April, 1912, of the claimed offer of Exhibit A on the 16th of June, 1911, appears from the pleadings to have been made within a reasonable time, we deem it unnecessary to decide. As the defendants, for reasons already stated, had no new lease, they had no title to the premises after May 1st, 1912, which could avail them as a defense in an action of summary process.

There is no error.

In this opinion the other judges concurred.