## FRANK DeLUCIA vs. ADOLPH WITZ.

Third Judicial District, New Haven, January Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

It is now well settled that no action can be maintained for the direct enforcement of an agreement which is within the statute of frauds, and no damages can be recovered for its breach.

The plaintiff claimed damages for an alleged breach of an oral promise of the defendant to release a fourth mortgage, owned by him, upon such portions of the plaintiff's land as the plaintiff might at any time redeem from the operation of three prior mortgages which were then in process of foreclosure. *Held* that such an agreement was one for the sale of real estate or an interest therein, for a breach of which no action at law would lie.

The plaintiff claimed that in relying upon the defendant's promise he had lost his right to redeem the earlier mortgages, and that the defendant, who did redeem them, had thus acquired an unconscionable advantage. *Held* that upon an equitable proceeding the evidence might be such as to estop the defendant from asserting an absolute title to the property, and thus, in effect, to restore to the plaintiff all that he had lost; but that such a case was not the one now before the court.

Argued January 16th—decided March 12th, 1918.

ACTION to recover damages for an alleged breach of an oral contract relating to real estate, brought to and tried by the Superior Court in New Haven County, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The plaintiff's substituted complaint alleged, in substance, that on the 1st day of March, 1915, he was the owner of a piece of land in New Haven, upon which there were four mortgages, each of the first three of which covered a portion only of the land, and the fourth, held and owned by the defendant, covered the entire piece, subject to the other three earlier mortgages. At that time there were pending actions to foreclose the

first three mortgages, and later judgment was rendered, fixing the time within which the owner of the equity of redemption could redeem—in one case, called the Crawford mortgage, the time fixed was May 3d, 1915, one case, called the Humiston mortgage case, July 5th, 1915, and one case, called the Andrew mortgage case, the first Tuesday in July, 1915.

The fourth, fifth and sixth paragraphs of the substituted complaint were as follows:—

4. On or about May 1, 1915, the plaintiff was desirous of redeeming said Crawford mortgage, and the defendant then stated to the plaintiff that if the plaintiff would at any time arrange to redeem all said mortgages the defendant would release his said mortgage and would convey to the plaintiff any portions of all said parcel of land described in paragraph one, upon which the defendant had by redemption of mortgage or otherwise taken title.

5. Relying upon said promise and upon said statement made by the defendant, the plaintiff permitted the redemption day upon said Crawford mortgage to pass, and the defendant took title to said piece of land covered by said Crawford mortgage.

6. Thereafter and on or about the first day of July, 1915, the plaintiff obtained a new mortgage covering all said first described parcel of land, and notified the defendant that the plaintiff was ready to pay the defendant his said $1,385 mortgage and interest thereon, and to take up said remaining mortgages, and requested and demanded from the defendant a release of his said mortgage and a conveyance of said piece of land covered by said Crawford mortgage.

*Philip Pond,* for the appellant (plaintiff).

*Harry L. Edlin* and *Samuel J. Witz,* for the appellee (defendant).

SHUMWAY, J. Out of the multitude of decisions involving the statute of frauds, no rule can be found more firmly established at the present time than this, that no action can be maintained for the direct enforcement of any agreement which is within the statute, and no damages can be recovered for its breach. *Townsend* v. *Hargraves,* 118 Mass. 325.

The plaintiff alleges an agreement by the defendant to convey the real estate described, and claims damages for his refusal to perform it. On the trial to the court the plaintiff offered to prove the agreement alleged, and upon objection by the defendant that the evidence offered tended to prove by parol an agreement which by the statute of frauds should be in writing, the court sustained the objection, and the plaintiff offering no further evidence, was nonsuited. The plaintiff contends that the defendant is estopped from asserting that the agreement was within the statute, because otherwise the statute would be an instrument of fraud in the hands of the defendant. There is no case cited by the plaintiff where it has been held that any party to an agreement which the law requires to be in writing has been held guilty of fraud because he insists that no action can be maintained upon such an agreement. There are many cases where the courts have held that whenever an agreement within the statute has been made and a valuable consideration has actually passed, the party parting with such consideration may maintain an action to recover it; because to permit one to retain a consideration for an agreement which is not enforceable would be a wrong, and may be likened to a fraud. *Wainwright* v. *Talcott,* 60 Conn. 43, 53, 22 Atl. 484.

The plaintiff's case, as alleged, is that when judgment foreclosing the mortgages had been rendered, the defendant stated to the plaintiff that if he would arrange to redeem the mortgages the defendant would convey

to him any portion of the land included in the mortgages. The plaintiff, relying on this promise, lost his right to redeem. It is apparent that the plaintiff's loss is simply the right to redeem and no more, and it appears from the allegations that this right was valuable. No such case is before the court.

On the record, it may be that the defendant, if he has obtained an unconscionable advantage, would be estopped from asserting that his title had become absolute, if it should clearly appear that the defendant had made the promise alleged, and the plaintiff had tendered the amount due on the mortgages even after the time fixed by the court for redemption had expired. The plaintiff would thus be restored to all he has lost, even if he had lost the right to redeem by relying on the defendant's promise.

There is no error.

In this opinion the other judges concurred.