JOHN KARN *vs.* THOMAS DiLORENZO ET AL.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A clause in a lease giving the lessee "the privilege of renewal," implies a renewal on the same terms and for the same time, and is therefore sufficiently certain to be enforceable. This privilege does not, however, require the insertion of any renewal clause in the new lease, since this would practically make the lease perpetual at the option of the lessee.

A renewal of the original lease, if desired by the tenant, must be requested before the expiration of the term, and, if the request be refused, an action to enforce the renewal covenant may be brought at once.

A covenant to renew a lease is one that runs with the land, and therefore binds a purchaser of the reversion, if the lease be duly recorded, whether he acquires the premises from the owner and lessor himself, or from his administrator in the settlement of his estate.

Submitted on briefs June 4th—decided July 20th, 1920.

SUIT to secure the renewal of a lease, pursuant to one of its provisions, and meanwhile for an injunction to restrain ejectment proceedings, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled (*Kellogg, J.*) and the cause was afterward tried to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *No error.*

This is an action to enforce a covenant of renewal contained in a written lease. On May 28th, 1915, one

Harry Willetts leased to the plaintiff, Karn, certain premises on South Main Street in Waterbury, and this lease was duly recorded on the Waterbury land records. This lease was in usual form, was for three years from May 19th, 1915, and contained this provision: "with privilege of renewal." The plaintiff entered into possession of the premises and has used them at all times since for the purposes set forth in the lease. Harry Willetts, the lessor, died during the year 1916, and W. R. Willetts was appointed administrator with the will annexed of the estate of Harry Willetts, lessor. Pursuant to authority the administrator conveyed to the defendants, on January 2d, 1918, by a proper deed of conveyance, all the right, title and interest which the said Harry Willetts had at the time of his death in and to the premises described in the lease. This deed was duly recorded on the Waterbury land records. Prior to May 1st, 1918, the plaintiff informed the defendants, the purchasers from the lessor's administrator, that he desired to avail himself of the renewal clause contained in the lease, and asked that a new lease be executed for the further term of three years. Subsequently, and before the bringing of this action, the plaintiff had prepared a lease conforming in all respects to the original lease except the renewal clause, and submitted it to the defendants, who refused to execute any new lease of the premises, at the same time informing the plaintiff that they desired the premises for themselves. Should the plaintiff be ejected from the premises his business will suffer very great loss. Upon these facts the court rendered judgment ordering the defendants to execute a renewal of the lease in accordance with the terms thereof, and the defendants appealed from the action of the court in overruling the demurrer and in rendering judgment for the plaintiff.

*Charles W. Bauby,* for the appellants (defendants).

*Robert A. Lowe* and *James M. Lynch,* for the appellee (plaintiff).

GAGER, J.   The defendants claim that the clause "with privilege of renewal" was too uncertain, indefinite and ambiguous as to time, conditions and terms of renewal.   This clause is certainly brief, but under well-settled principles of interpretation it is sufficient to constitute a good covenant.   In *Platt* v. *Cutler,* 75 Conn. 183, 52 Atl. 819, it was assumed that the provision "if the conditions of this lease are complied with during the entire time of one year, it is mutually agreed that it shall be renewed on same terms for two additional years, if the party of the second part desires it," would entitle the defendant to a lease for two years more.   What the court there decided was—not that the agreement was not good to entitle the occupant to a renewal lease—but that the clause did not of itself operate as a lease to give a title available as a defense in summary process under the statute.   § 6122.   This case was commented on with approval in *Giering* v. *Hartford Theological Seminary,* 86 Conn. 208, 84 Atl. 930.   The language in the present case is general.   It has uniformly been held that a general covenant "to renew," implies a renewal on the same terms and for the same time as the original lease, and therefore is sufficiently certain to be enforceable. 16 R. C. L. p. 887, and cases cited.   In *Cunningham* v. *Pattee,* 99 Mass. 248, 252, cited by the trial judge in his memorandum on the demurrer in the present case, the court said of "renew": "The word, *ex vi termini,* imports the giving of a new lease like the old one, with the same terms and stipulations; at the same rent and with all the essential covenants."   This case is cited with approval in *Leavitt* v. *Maykel,* 203 Mass.

506, 509, 89 N. E. 1056. See also note 5 Brit. Rul. Cas. 868; 24 Cyc. 991. This privilege does not, however, require the insertion of any renewal clause in a new lease. In *United States Brewing Co.* v. *Wolf*, 181 Ill. App. 509, 511, the court said: "That the plaintiff was not entitled, under the optional clause of its lease with Schreiber, to a new lease including an optional clause, thereby making the lease perpetual, is too well settled to require the citation of authorities." The authorities upon this particular point are collected in a note in Annotated Cases, 1916C, p. 1096. The finding in the present case shows that the new lease tendered did not include the renewal clause, but did conform to the old in every other essential particular.

The defendants claim that the action is premature because brought before the termination of the old lease. The action was brought April 23d, 1918. The old lease expired May 19th, 1918. The plaintiff exercised his privilege and tendered a new lease in April prior to bringing the action. In *Renoud* v. *Daskam*, 34 Conn. 512, it was held—where a lease for five years provided that after the expiration of said term of five years the lessor would, if thereto desired by the lessee, make and execute to the lessee a lease of said premises for the further term of five years upon the same terms—that to entitle the lessee to a renewal of the lease, it was necessary for him to declare his election before the expiration of the original term of five years. The court, in discussing the rule, said (p. 516): "It can hardly be supposed that the lessor intended to grant an optional right to take the premises for another term, that might be exercised after the five years should expire, for the lessee might decide, at the last moment, to vacate the premises, and the lessor would then be left not only without a tenant, but at an unseasonable time to obtain one." And again the court said: "If

this right existed after the expiration of the five years, it existed during a reasonable time after that event; but when a right is given, and no time is prescribed for its exercise, a reasonable time is allowed. It follows then that the lease extended not only during the period of five years, but during the reasonable time within which the right might be exercised, should the lessee delay his election until the last moment." And again, the proper meaning of the provision "is that the respondent will give another lease of the premises for another term of five years, to commence from and after the expiration of the first term, if thereto desired." From which it necessarily follows, that to entitle himself to a renewal, the lessee must express his desire for another term on or before the expiration of the term of the original lease. So, in the present case, it was not only the privilege but the duty of the lessee, if he desired a renewal, to express his desire prior to the expiration of his lease. The finding in the present case is that prior to May 1st, 1918, the plaintiff informed the defendants that he desired the renewal lease, and tendered the new lease on or before April 23d, 1918, the date of the writ. While, in accordance with the case last cited, the plaintiff here made his demand during the existence of the term and so saved his right, the unqualified refusal of the defendants to renew, when renewal was demanded within a reasonable time before the expiration of the existing lease, certainly justified the plaintiff in proceeding at once to enforce his right to obtain a legal title to the renewal leasehold interest, so that the same might immediately succeed the expiration of the then existing lease. The plaintiff's right to the renewal lease accrued on his demand under the renewal agreement. He was at liberty at any time thereafter, upon the refusal to renew, to enforce his right by process of law.

The original lessor died while the lease had some two years to run, and the administrator of the deceased lessor, in January, 1918, some four months before the termination of the lease, conveyed all the interest of the lessor to the defendants and the defendants claim that they are not, by reason of such purchase, obligated by the renewal clause of the lease. The plaintiff's lease was duly recorded, therefore the defendants, whether they knew of the lease or not when they purchased, are chargeable with notice of the lease by the record, and so with notice of the renewal clause therein contained. The defendants are grantees of the reversion. The sale being made by the administrator in the process of settlement of the lessor's estate, the defendants come in under the lessor. *Crandall* v. *Gallup*, 12 Conn. 365. A covenant to renew a lease is a covenant running with the land. There can be no question but that the defendants are as much bound by this clause of the lease as of any other, and having purchased all other interests in the property than that conveyed by the lease, they stand in the shoes of the lessor to the same extent as if they had bought of the original lessor instead of his administrator. *Cunningham* v. *Pattee*, 99 Mass. 248; *Leppla* v. *Markey*, 31 Minn. 75, 16 N. W. 470; 1 Taylor on Landlord & Tenant (9th Ed.) §§ 262, 332; 24 Cyc. p. 997; 41 L. R. A. (N. S.) note p. 387 and citations. The reasons of appeal, although numerous, are answered so far as necessary in the foregoing discussion.

There is no error.

In this opinion the other judges concurred.