### ERNESTINE G. WOLFE ET ALS. vs. THE WALLINGFORD BANK AND TRUST COMPANY ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 2d—decided March 4th, 1937.

*Joseph N. Manfreda,* with whom, on the brief, was *W. H. Woolen,* for the appellant (named defendant).

*Robert J. Woodruff,* with whom, on the brief, was *A. Oswald Pallman,* for the appellees (plaintiffs).

HINMAN, J.   The named plaintiff is the widow and administratrix of the estate of Frederick G. Wolfe, who died in 1925, and the other plaintiffs are children and grandchildren, heirs of the decedent.   The complaint alleged and the plaintiffs offered evidence to prove that in 1930 the administratrix mortgaged to the defendant for $2500 real estate of the decedent; that in 1933, at the instance of the defendant, she acquiesced in a fore-closure by it of the mortgage, under an oral agree-ment that after obtaining title the defendant would convey it to her individually, she to give the defendant a mortgage for the amount of the original mortgage with accrued interest and expenses of foreclosure; that the defendant, pursuant thereto, secured title by fore-closure in March, 1934, but, instead of conveying to Mrs. Wolfe, sold the real estate to other parties for prices alleged to be less than its real value; that the plaintiffs continued to occupy the premises until No-vember, 1935, and, after the foreclosure, with the knowledge and consent of the defendant, made various repairs and improvements and paid a premium on in-surance thereon.   The complaint alleged that by vio-lation by the defendant of its agreement the plaintiffs lost the value of their equity in the property, and claimed $8000 damages.   The verdict and judgment awarded the plaintiffs $1250.

The defendant contended—as ground for motions for a nonsuit, a directed verdict, and to set aside the

verdict rendered—that the contract being oral and within the statute of frauds and the action being one at law for damages for breach of it, the equitable doctrine of part performance was inapplicable and unavailing to take the contract out of the statute. The denial of these motions is, inter alia, assigned as error.

While the original complaint sounded both in equity and law, under the amended complaint and prayer for relief and as the case was tried, it was distinctively one at law, only, seeking damages for breach of the agreement alleged and relied upon. This oral agreement was within the scope of the statute of frauds. General Statutes, § 5982; *DeLucia* v. *Witz,* 92 Conn. 416, 103 Atl. 117; *Brooks* v. *Benham,* 70 Conn. 92, 97, 38 Atl. 908. The general rule is that no action can be maintained for the direct enforcement of such an agreement, and no damages can be recovered for its breach. *DeLucia* v. *Witz,* supra. This case is not one where a party seeks to recover back a valuable consideration parted with under such an agreement, as in *Wainwright* v. *Talcott,* 60 Conn. 43, 53, 22 Atl. 484, nor are the plaintiffs seeking an equitable remedy such as that suggested in *DeLucia* v. *Witz,* supra, p. 419. Their reliance was upon the efficacy of part performance to take out of the statute a case for damages for breach, as it might in an equitable action, as for specific performance. Amer. Law Inst. Restatement, Contracts, Vol. 1, § 197.

"The doctrine of part performance is purely a creation of equity and is not recognized at law. Hence it follows that no distinctively legal action can be maintained upon an oral contract within the statute of frauds." 5 Pomeroy, Equity Jurisprudence (2d Ed.) § 2240, p. 5005. An action for damages for the breach of such a contract "is in effect one for its enforcement and cannot be maintained; and this is, as a

general rule, held true though there has been such a part performance by the plaintiff as would authorize a court of equity to decree specific performance by the other party." 25 R. C. L. p. 691. The requirements of the statute are not satisfied by part performance so as to make the contract fully enforceable. Amer. Law Inst. Restatement, Contracts, Vol. 1, § 197. The decisions in all the States which have had occasion to determine the question, with one exception (Georgia), hold in effect that the doctrine of part performance, being purely equitable, is not recognized in actions at law and is not available in such actions to recover damages for breach of a contract within the statute of frauds. Numerous such cases are cited and many annotated, 59 A. L. R. p. 1305 et seq. The remedy in such cases when specific performance is not obtainable appears to be limited to restoration of property delivered or transferred or restitution for money paid or services rendered, from which the defendant has received the benefit. *Wolke* v. *Fleming*, 103 Ind. 105, 2 N. E. 325; *DeMontague* v. *Bacharach*, 187 Mass. 128, 72 N. E. 938; 2 Williston, Contracts, § 494, p. 1440; 27 C. J. p. 358.

No direct decision upon the question of availability of part performance of a contract within the statute of frauds in an action for damages for breach of it appears to have been rendered in this court, but in *Eaton* v. *Whitaker* (1846) 18 Conn. 222, 231, it was stated: "We suppose . . . that at law, nothing will take a case out of the operation of the statute; unless, perhaps, complete and full performance, by at least one party to the contract. We are aware of a class of cases, where one of the parties, having performed his part of the agreement, may bring a suit at law and recover the consideration promised for such performance. Such was the case of *Baxter* v. *Gay*, 14 Conn.

119. But we know of no case, where a party has been permitted to recover at law, for the breach of a contract which was within the statute, on the ground of part performance. The remedy has always been in chancery for a specific execution; and relief is granted there, upon the principle, that at law, the other party has obtained an unfair advantage, which would operate as a fraud, unless the agreement is carried into effect." The decisions in other States, as above noted, are consistent with this declaration so far as is material to the present inquiry. The distinction which permits recovery in the nature of restoration of property, or for money paid, services rendered or improvements made by way of part performance but precludes a recovery of damages for breach, appears to be that the former is based upon an implied contract, the latter upon an express agreement which is within the statute barring recovery upon it. *White* v. *McKnight*, 146 S. C. 59, 69, 143 S. E. 552, 59 A. L. R. 1297, 1301; 27 C. J. p. 358. See *McMahon* v. *Plumb*, 90 Conn. 281, 285, 96 Atl. 958; *Wainwright* v. *Talcott*, 60 Conn. 43, 52, 22 Atl. 484.

The trial court, in the various rulings pertaining to the right of the plaintiffs to maintain this action, recognized that it was clearly one at law, that the plaintiffs could succeed only if the contract were taken out of the statute of frauds by part performance, and the equitable nature of that doctrine, but appears to have accorded to the statute (now General Statutes, § 5512), permitting both legal and equitable rights and causes of action and demands for both legal and equitable remedies to be united in one complaint, the effect of making this equitable doctrine available although the action be purely one at law. We consider this view erroneous. Our statute and rules authorize the joinder of both legal and equitable matters and claims for re-

lief in the same complaint. General Statutes, § 5512; Practice Book, §§ 37, 39, 40, 222; *Trowbridge* v. *True*, 52 Conn. 190, 197; *Makusevich* v. *Gotta*, 107 Conn. 207, 139 Atl. 780. But by provision of a single form of civil action the distinction between equitable and legal causes has not been abolished. In common with similar provisions in other states, "the inherent distinctions between legal and equitable principles, causes, and forms of relief, are not affected . . . , the only change effected being in the method of their administration and in some degree the extent of their application. The rights of the parties, and the principles by which they are determined, are not affected . . . ; the change does not create any new causes of action, or make available remedies not theretofore available or applicable, . . . or entitle a party to recover in a case where . . . he could not have recovered either at law or in equity. Equitable rights and remedies are not destroyed nor are they merged. If an action is of a purely legal nature it must be determined according to legal principles. . . ." 1 C. J. S. pp. 1169, 1172; 10 R. C. L. pp. 260, 264; 1 Amer. Juris. p. 448; *Voorhis* v. *Childs' Executor*, 17 N. Y. 354, 358. "The substitution of our Practice Act for the common-law system of pleading has not changed the situation save as it has abolished certain formal distinctions and employed a new nomenclature. The same facts will entitle one to the same redress as before, and to no other redress." *Avery* v. *Spicer*, 90 Conn. 576, 581, 98 Atl. 135; *LeWitt* v. *Park Eccl. Soc.*, 103 Conn. 285, 299, 130 Atl. 387; *Ludington* v. *Merrill*, 81 Conn. 400, 71 Atl. 504. See also General Statutes, § 5625; *Doris* v. *McFarland*, 113 Conn. 594, 608, 156 Atl. 52; *Purdy* v. *Watts*, 91 Conn. 214, 99 Atl. 496; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 243, 52 Atl. 947.

The fact that in actions at law the plaintiff may

have the benefit of estoppel (*Plumb* v. *Curtis*, 66 Conn. 154, 173, 33 Atl. 998; *Douglass* v. *Unmack*, 77 Conn. 181, 185, 58 Atl. 710) is not of significance in this connection. The modern estoppel in pais although of equitable origin is of equal application in courts of law. *Canfield* v. *Gregory*, 66 Conn. 9, 17, 33 Atl. 536. In *McMahon* v. *Bryant Electric Co.*, 121 Conn. 397, 403, 185 Atl. 181, the correctness of the charge upon the effect of part performance upon a contract within the statute of frauds was not brought in question, the appellant's specific objections being to any charge at all upon the statute when not specially pleaded as a defense.

We are disposed to share the evident view of the trial court and jury that the plaintiffs have been hardly dealt with by the defendant, but we are not at liberty to justify the judgment in their favor at the expense of impairment of principles so firmly established and so unanimously supported by authority as those which are determinative here. We therefore are constrained to find error in the overruling of the claim the defendant asserted in several ways during the trial, that part performance was insufficient, in this action, to take the contract out of the statute of frauds. Had the plaintiffs claimed that the defendants were estopped to take advantage of the statute of frauds because, as the finding indicates they offered evidence and claimed to have proved, they continued in possession of the property and with the knowledge, consent and approval of the defendant made extensive improvements to it, or had they claimed reimbursement for such improvements, a different question would be presented.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.