[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On January 9, 1992, the plaintiffs, Angelo C. Memoli and Gene A. Memoli, filed a one-count complaint against the defendants, H. Lawrence Spodnick hereinafter "Spodnick") and M. Solomon Casket company. The plaintiffs allege that Spodnick promised to pay the sum of $20,000.00 to the plaintiffs pursuant to a note which was secured by a mortgage on a certain parcel of land known as 39 Shelton Road and Huntington street. The plaintiffs further allege, that on July 21, 1991 and each and every month thereafter, Spodnick failed to pay the installment of principal and interest due and owing on the note. As a result of Spodnick's default the plaintiffs are seeking, inter alia, to foreclose the mortgage securing said CT Page 7348 note. In paragraph six of the complaint, however, the plaintiffs alleges that the defendant, M. Solomon Casket Company, claims an interest in the premises by virtue of a judgment lien from Spodnick in the amount of $2,212.15, which judgment lien is "subsequent and subordinate to the plaintiffs' mortgage."
On January 21, 1993, Spodnick filed a request to revise which sought to delete the "damages" portion of the prayer for relief. Spodnick asserted in his request to revise, that since money damages are not available to the plaintiffs in an equitable foreclosure action, the "damages" portion of the prayer for relief should be deleted.
On February 9, 1993, the plaintiffs filed an objection to Spodnick's request to revise, asserting that a claim for damages is proper in a foreclosure action. That objection was sustained by the court (Mancini, J.) on March 22, 1993.
On April 7, 1993, Spodnick filed a motion to strike the plaintiff's prayer for relief, together with a memorandum of law in support thereof. Spodnick asserts that the plaintiffs' prayer for relief should be stricken because the complaint, as presently drafted, attempts to bring two causes of action in one count and is hence legally insufficient.
On April 26, 1993, the plaintiffs filed an objection to the motion to strike along with a supporting memorandum of law. The plaintiffs assert that: (1) Spodnick's motion to strike is improper; and (2) Spodnick previously and properly filed a request to revise on this issue, which was ruled upon by the court.
"A motion to strike challenges the legal sufficiency of pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike, the court is limited to the facts alleged in the complaint; King v. Bd. of Educ. of the Town of Watertown, 195 Conn. 90, 93,486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). The facts alleged in the complaint are construed in a manner most favorable to the pleader. Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137,140, 492 A.2d 548, rev'd on other grounds, 203 Conn. 45,523 A.2d 477 (1987). If the facts provable under the complaint CT Page 7349 support a cause of action, the motion to strike should be denied. Mingachos v. CBS, Inc., supra 108-09. If the complaint alleges legal conclusions unsupported by facts, however, the motion to strike should be granted. Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Spodnick argues, in his memorandum of law, that since the plaintiffs failed to add a second count to the complaint to sue on the note, it is improper for them to seek damages on the present complaint because, as presently drafted, the complaint is framed as an equitable rather than a legal action.
The plaintiffs argue, in their memorandum of law, that "n the foreclosure context, the mortgagee can pursue both an action on the note and foreclosure of the mortgage in the foreclosure action." (Memorandum of law, pp. 3-4). The plaintiffs therefore argue, that pleading damages as part of the prayer for relief in a foreclosure action, is the correct manner to plead a foreclosure complaint.
A foreclosure action is an equitable one and the court may consider those questions which necessarily must be determined so that complete justice may be done. First Constitution Bank v. Grossman, 5 CSCR 370, 372 (April 9, 1990, Fuller, J.), citing Hartford Federal Savings Loan Ass'n. v. Tucker, 196 Conn. 172,175, 491 A.2d 1084 (1985), cert. denied, 474 U.S. 920,106 S.Ct. 250, 88 L.Ed.2d 258 (1985). Furthermore, "[a] note and a mortgage given to secure it are separate instruments, executed for different purposes and . . . action[s] for foreclosure of the mortgage and upon the note are regarded and treated. . . as separate and distinct causes of action, although both may be pursued in a foreclosure suit." Atlas Realty Corp. v. House, 120 Conn. 661, 670,183 A. 9 (1936), citing Mechanics Bank v. Johnson, 104 Conn. 696,701, 134 A. 231 (1926).
 Our . . . rules authorize the joinder of both legal and equitable matters and for relief in the same complaint. (citations omitted.) But by provision of a single form of civil action the distinction between equitable and legal causes has not been abolished . . .' The rights of the parties, and the principles by which they are determined, are not affected . . .; the change does not create any new causes of action, or make available remedies not CT Page 7350 theretofore available or applicable, . . . or entitle a party to recover in a case where . . . he could not have recovered either at law or in equity. Equitable rights and remedies are not destroyed nor are they merged. If an action is of a purely legal nature it must be determined according to legal principles . . .' (citations omitted.)
Wolfe v. Wallingford Bank Trust Co., 122 Conn. 507, 511-12,191 A. 88 (1937).
"In a civil case the prayer for relief must articulate with specificity the form of relief that is sought and a party who fails to comply with this rule runs the risk of being denied recovery. (citations omitted.)" First Constitution Bank v. Grossman, supra, 371. "A claim for money damage[s] [however,] `is generally inappropriate inasmuch as foreclosure sounds in equity and the only legal remedy available is for a deficiency judgment.' (citations omitted.) Moreover, the foreclosure of a mortgage is a bar to any further action upon a mortgage debt." United Bank Trust Co. v. Louden, 2 Conn. L. Rptr. 589, 590 (October 15, 1990, Dranginis, J.), citing General Statutes 49-1. See also Mahler v. Kastens,2 Conn. L. Rptr. 99 (July 16, 1990, Curran, J.) ("the court cannot enter a judgment for money damages in a foreclosure action").
In the present case, the plaintiffs cite First Constitution Bank v. Grossman, supra, for the proposition that "[a] claim for damages is `standard boiler plate in a foreclosure action in Connecticut.'" (Memorandum of Law in support of Objection to Motion to Strike, p. 3). The issue in that case, however, was whether a deficiency judgment could be obtained in a foreclosure case, when there was no prayer for relief to that effect in the complaint. Id., 371. The court went on to hold in that case that "under Connecticut law the general rule is that failure to include a request for relief in the complaint precludes a deficiency judgment under section 49-14 after the foreclosure action has gone to judgment and the law day has passed. (citations omitted.)" Id., 372. Since the issue in the present case is whether the plaintiffs can claim damages as part of their prayer for relief in a foreclosure action, the plaintiffs' reliance on First Constitution Bank v. Grossman is misplaced.
In the present case, the plaintiffs have requested both a foreclosure of the mortgage and a deficiency judgment in their CT Page 7351 prayer for relief. Since the only legal remedy available is for a deficiency judgment, it is legally improper to award money damages to the plaintiffs. Therefore, the defendant's (Spodnick's) Motion to Strike the plaintiff's prayer for relief for damages is granted.
THE COURT CURRAN, J.