ELIZA KLEIN

*v.*

## M. D. WELLS *et al.*

1. PRACTICE—*assessing damages.* Neither the court, nor the clerk under its direction, has power to assess damages in an action of assumpsit, whilst there is an issue of fact pending.

2. SAME—*where demurrer is overruled to one count, there is an issue of fact on another.* Where a demurrer to a special count on a promissory note is overruled, and the defendant stands by his demurrer, and the general issue is pleaded to the common counts, the correct practice is to enter judgment as by *nil dicit* on the special count, and empannel a jury to try the issues upon the common counts, and on that trial to submit the assessment of damages, under the judgment *nil dicit*, to the same jury.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

Mr. G. VAN HOOREBEKE, for the plaintiff in error.

Mr. DARIUS KINGSBURY, for the defendants in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit. The declaration contained a special count upon a promissory note, and the common counts. There was a demurrer to the special count, and the general issue was pleaded to the common counts. The court below overruled the demurrer, defaulted the defendant and assessed the damages and rendered judgment therefor, without in any way disposing of the issue on the common counts.

It was erroneous to assess the damages while the issue upon the common counts was undetermined.

The correct practice required the court, when the defendant stood by her demurrer to the special count, to enter a judgment as by *nil dicit* on that count, and then empanel a jury to try the issues of fact upon the common counts, and on that trial to submit the assessment of damages, under the judgment by *nil dicit*, to the same jury, so that there might be but one judgment. The court, or the clerk under its direction, had no power to assess the damages, while there was an issue of fact pending in the cause. *Keeler et al.* v. *Campbell*, 24 Ill. 287, directly decides this.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*