THEOPHILE GRENIER v. NELSON COTA AND MALCOLM McMILLAN.

*Landlord and tenant—Lease—Option of renewal.*

A firm leased a hotel for seven months, "with the first privilege to keep said building for a longer term, or to give it up, as they see fit, without notice." In February one of the partners notified the landlord that the firm did not intend to keep the premises after the expiration of the seven months, whereupon the landlord advertised the hotel for rent, of which fact both of the partners had notice, and in March the same partner repeated the determination of the firm not to rent for a longer term. The landlord thereupon filled the ice-house, and on April 4 he was again notified by the same partner that they did not want the premises after April 30, when the seven months expired, and thereupon he purchased a stock of

goods for the hotel, and took out a liquor license, and with the knowledge and consent of the tenants placed the goods in the store-room on the premises. And it is held that the tenants made their election prior to April 30, and that a notice given on that day that they would keep the premises did not bind the landlord.

Error to Baraga. (Williams, J.) Submitted on briefs May 13, 1892. Decided May 20, 1892.

Proceedings to recover possession of leased premises. Defendants bring error. Affirmed. The facts are stated in the opinion.

*E. J. Mapes*, for appellants.

*T. L. Chadbourne* (*Chadbourne & Rees*, of counsel), for appellee.

MCGRATH, J. This was a proceeding to recover possession of certain hotel premises, held under a written lease for seven months, "with the first privilege to keep said building for a longer term, or to give it up, as they see fit, without notice." The seven months expired April 30.

Respondents were partners. The testimony is undisputed that in February respondent Cota told plaintiff that they did not intend to keep the premises after April 30; that thereupon plaintiff advertised the hotel to rent; that both respondents knew of the advertisement; that again, in March, Cota repeated this determination, and thereupon plaintiff said, "Then I will fill the ice-house upon the premises;" that, upon the next day after this talk with Cota, plaintiff commenced to fill the ice-house upon the premises with ice, and filled it at an expense of $25; that both of the defendants knew of the fact that plaintiff was engaged in filling the ice-house, and had filled it; that on April 4 plaintiff again saw Cota, and Cota again said that he did not want the premises

after April 30; that thereupon plaintiff bought between four and five hundred dollars' worth of goods for the hotel, and took out a license to sell liquor on the premises, and the stock was, with the knowledge and consent of respondents, put by plaintiff in the store-room on the premises; that during the month of March each of the defendants applied to plaintiff for a lease of the premises, each representing that he did not want them for the old firm, but that he was going to get another partner; that in April defendant McMillan came to plaintiff, representing that he was going to get another partner, and wanting to rent the premises for the new firm, but plaintiff said that "it is too late now; I don't want to rent;" that defendants had a conversation early in the year, in which Cota told McMillan that he did not think there was any money in the house, and that he would not keep it any longer than May 1; that on April 25 McMillan told Cota that he (McMillan) was not going to leave the house; that afterwards defendants reconciled their differences, concluded to keep the premises, and on April 30 served upon plaintiff a notice that they would keep the house, and on the 2d day of May following this proceeding was instituted.

It is unnecessary to consider the effect of the language in the lease constituting the option, as, in any event, under the undisputed testimony, defendants must be deemed to have made their election prior to the giving of the notice of April 30, and cannot be allowed to bind plaintiff by a change of mind, especially after plaintiff has made expenditures and incurred expense relying upon the election.

There is nothing for the jury, and the trial court was right in directing a verdict for plaintiff.

The judgment is affirmed.

The other Justices concurred.