No. 1,175.

### Hughes et al. *v.* Windpfennig et al.

LANDLORD AND TENANT.—*Ejectment.—Complaint.—Description of Real Estate.—State and County.*—Where a complaint in ejectment is captioned "State of Indiana, Perry County," and in the body of the complaint the property is described as being in "said county," the fact that the property is in Perry county, Indiana, is sufficiently alleged.

SAME.—*Lease.—Privilege of Additional Term.—Rental.—Construction of Contract.*—Where, by a written contract, real estate is leased by one person to another, "to have and to hold during the term of one year from the first day of April, 1892, with the privilege of renting the same for three years longer,' the lessee agreeing to pay as rent thirty dollars per month, in advance, he is entitled to retain the property for the three years upon the same terms of. rental as for the first year.

SAME.—*Time of Exercising Privilege.—Relinquishment.—What Does Not Amount to.*—Where a contract of lease, giving the lessee the privilege of an additional term, does not fix the time within which the privilege must be exercised, the right to exercise it continues up to the time of the expiration of the first term, and if asserted, a prior statement of an intention to give up the premises, made upon the lessor demanding an unauthorized increase of rent for the additional term, which statement is in no manner acted upon by the lessor, does not amount to a relinquishment of the privilege.

From the Perry Circuit Court.

*S. H. Esarey, J. H. Weathers* and *C. A. Weathers,* for appellants.

*J. T. Patrick* and *O. C. Minor,* for appellees.

GAVIN, J.—The appellees, complaint alleges that on March 30th, 1892, they leased to appellants certain real estate and certain personalty connected therewith in Tell city (describing it), for one year from April 1st, 1892; that the said tenancy expired April 1st, 1893, and that since that time appellees have been and were entitled to possession thereof, and appellants have unlaw-

fully held over and detained the possession of the same from them to their damage, etc.

There is no foundation for the claim that the county and State in which the property is situated are not given. In the caption of the complaint we find this heading: "State of Indiana, Perry county." In the body of the complaint the property is described as being in "said county." There can be no mistake about this meaning Perry county, Indiana. *Anderson* v. *State*, 104 Ind. 467; *Long* v. *State*, 56 Ind. 133.

Whether the personalty is sufficiently described or not, the question is not raised by demurrer. If the complaint is good to recover the realty, it will withstand a demurrer.

Section 1066, R. S. 1894, being section 1054, R. S. 1881, is applicable to suits brought in circuit court. This action, having been brought before a justice by a landlord against a tenant holding over, is founded upon section 7106, R. S. 1894. The complaint is certainly good when examined, keeping in mind the rules of pleading required before a justice.

The serious questions presented in the case arise upon the motion for a new trial.

By a written contract appellee leased to appellants the property in controversy "to have and to hold during the term of one year from the first day of April, 1892, with the privilege of renting the same for three years longer," appellants agreeing to pay as rent $30 per month, payable on the first day of each month in advance.

The lease contains this additional provision: "At the expiration of this lease, in case an additional term is not taken, as allowed by the terms thereof, or on failure to pay rent when the same is due, or on failure to comply with any of the conditions herein mentioned, then the same shall terminate at once, and the said lessors shall

have the right to enter and take the possession of said premises.''

On February 27th, 1893, appellees notified appellants in writing that if they desired to keep the house for the additional term of three years the rent would be $50 per month.   On March 10th, 1893, appellants told appellee, Richard Windpfennig, that they could not pay $50 per month but wanted to stay at the old rate.   They remained in possession, and on April 1st, tendered the rent at the old rate.   This was refused, and suit brought.   Appellee's claim to the right to raise the rent for the last three years can not be upheld.

The contract must be deemed to contemplate the same terms of rental for the three years as for the first year. Otherwise the privilege would be mere idle words, and the continuance of the tenancy would be entirely at the option of the lessor instead of the lessee, because he could easily make the rent prohibitive.   *Chretien* v. *Doney*, 1 N. Y. 419; *Tracy* v. *Albany Exch. Co.*, 7 N. Y. 472; *McAdoo* v. *Callum*, 86 N. C. 419; 1 Taylor Landl. and Ten., section 332, p. 384; 2 Wood Landl. and Ten., section 413, p. 935.

We do not regard as material to the decision of this case whether this lease is to be construed as being most similar to those in *Terstegge* v. *First German, etc., Society*, 92 Ind. 82, and *Montgomery* v. *Board, etc.*, 76 Ind. 362, or to that in *Thiebaud* v. *First Nat'l Bank, etc.*, 42 Ind. 212.   In either event it is clear there was vested in the appellants a privilege to continue the lease at the same rental, and the privilege was, under the evidence, clearly exercised.

That they so told the appellee, Richard, on March 10th, 1893, is undisputed.   Their rent for the past was paid, and the rent due April 1st was duly tendered.   No default upon their part appears.   We can not regard as

controlling, the statements made by the appellant, Mrs. Hughes, to appellee, Mrs. Windpfennig, about March 1st, 1893, that she was not going to stay in the house after that year. This statement was made immediately after appellee's demand for $50 rent, and while they were still insisting upon such demand. Her declaration thus made, and in no manner acted upon by the appellees, when followed on March 10th by the unequivocal expression by both appellants of their desire to remain, can not be regarded as a relinquishment of the privilege given them by the contract which they had the right to exercise, in any event, up to the time of the expiration of the first year, because no time is fixed by the instrument within which this privilege must be exercised.

The facts of this case are widely distinguishable from those in *Barnett* v. *Feary*, 101 Ind. 95, and *Grerrier* v. *Cota*, 92 Mich. 23, because here the statement that she would not remain was made when appellees were wrongfully demanding an increased rent, and it was in no manner acted upon by appellees. What was said by the appellant Edward Hughes to third parties, concerning his going out at the end of the year can not be given any weight, because there is no pretense by either of the appellees that he ever notified them that he did not expect to hold the property for the longer term. Were there any conflict between their evidence and his, then these statements might corroborate their theory of the facts.

The judgment is reversed, with instruction to sustain the motion for a new trial.

Filed May 10, 1894.