## LaSalle Theatre, Appellant, v. Anna Sinton Taft et al., Appellees.

## Gen. No. 16,355.

1. LANDLORD AND TENANT—*what does not confer right of renewal.* A person's right to renew a lease is not conferred by a provision as follows: "If the lessee is desirous of renewing the lease, six months prior notice shall be given to the lessor for his consideration."

2. LANDLORD AND TENANT—*what essential to liability for double rent under section 2 of Act.* In order to render a tenant liable for double rent by virtue of a hold-over it must appear that such holding-over was unlawful.

3. CONTRACTS—*what equivalent to rejection of proposition.* If upon receipt of a proposition which by acceptance would form the basis of a contract, the same is not accepted but a counter and different proposition made, no contract is created.

4. EVIDENCE—*what competent to explain letter.* Previous correspondence of the parties may be considered for the purpose of determining the meaning and intention of such parties in the use of words employed in a particular letter, but not for the purpose of varying or contradicting the plain terms of that letter.

Bill in chancery.  Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.  Heard in this court at the March term, 1910.  Affirmed.  Opinion filed June 23, 1910.  *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.**  This is an appeal by the complainant from a decree of the Superior Court dismissing its bill for want of equity and granting to the cross-complainant, Anna Sinton Taft, relief under her cross-bill.  The bill, filed April 30, 1909, prayed that Anna Sinton Taft, one of the defendants, be decreed to execute and deliver to complainant a renewal of complainant's lease of certain premises in Chicago then occupied by complainant as a theatre, for a term of five years from May 1, 1909, at an annual rental of $8,500, and that the defendants be enjoined from interfering with complainant's possession of said premises during said term, etc.  A preliminary injunction was prayed for and granted.  The defendant, Anna Sinton Taft, answered the bill and filed a cross-bill claiming the right to the possession of said premises, praying that complainant be decreed to surrender the possession thereof to her, and that the court ascertain the rental value thereof and decree that complainant pay to her double such rental value from May 1, 1909, until possession should be surrendered to her.  Complainant answered the cross-bill, replications were filed and the cause referred to a master to take and report the proofs with his conclusions both of law and fact.  The report of the master recommended that the bill be dismissed for want of equity, that complainant be decreed to pay cross-complainant the rental value of said premises from May 1, 1909, at the rate of $18,500 per year.  Complainant filed numerous objections to the report, which were overruled and afterwards ordered to stand as exceptions.  The decree overrules all exceptions to the report; dismisses the bill for want of equity; decrees that cross-complainant have and recover from complainant possession of the premises in controversy; that a writ of restitution issue, etc., and that she recover of complainant $7,231.88, the amount of rent due from May 1, 1909, to the date of the decree, at the rate of $18,500 per year, after de-

ducting payments made by complainant after the filing of the bill under an order of the court. Appellant assigned for error the dismissal of its bill, and Mrs. Taft assigned cross-errors on the refusal of the chancellor to allow her double rent.

ROSENTHAL & HAMILL, for appellant; LESSING ROSENTHAL and LEO F. WORMSER, of counsel.

WILSON, MORE & McILVAINE and McARDLE & McARDLE, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

It is not disputed that Mrs. Taft, August 5, 1902, gave to persons acting for and representing complainant an option to May 1, 1903, to lease the premises in Chicago, then known as the Blue Ribbon Restaurant, for five years from May 1, 1904. The principal controversy in the case arises on the contention that complainant, by exercising the option, acquired a right to a renewal of the lease for five years from May 1, 1909.

The negotiations which resulted in the giving of such option were carried on wholly by correspondence. In June, 1902, the Pabst Brewing Company was in possession of the premises under a lease which expired April 30, 1904. Complainant through Franks, its president, and Lowenthal, its secretary, then began negotiations with the Brewing Company for acquiring its unexpired term with a view of converting the premises into a theatre. The alteration of the premises into a theatre involved the expenditure of a large sum of money, and before acquiring the Brewing Company's unexpired term complainant desired to obtain from Mrs. Taft an option for a lease for a further term after the expiration of that term. July 3, 1902, the Brewing Company obtained from Mrs. Taft a thirty days option to extend its lease five years. Lowenthal and Franks then employed Baird & Warner to secure for complainant from Mrs. Taft an option

for a lease for a term of years after the expiration of the Brewing Company's lease.   C. Schmalstig was then a book-keeper in the employ of Mrs. Taft and assisted in the management of her property.   The material parts of the letters that passed between Baird & Warner at Chicago and Schmalstig at Cincinnati are as follows: July 12, 1902, Baird & Warner wrote Schmalstig:

"We have been figuring with the Pabst Brewing Co. for clients to lease the Blue Ribbon restaurant, and convert it into a first-class Music Hall theatre.   As their lease runs only until May, 1904, we asked them to get an option for an extension of five years of their lease, which we are advised you gave.   We write, with the consent of the Pabst Brewing Company, to ask you, provided our clients took their lease terminating May 1st, 1904, and paid for remodeling the premises into a theatre at a cost of about $25,000, will you give them an option of a five or ten years' lease from May 1, 1904, the option to run until about May 1, 1903."

In answer, under date of July 18, Schmalstig wrote that the matter had been referred to Mr. Taft, who was away on his vacation.   In reply Baird & Warner, under date of July 28 wrote:

"Your favor of the 18th inst. at hand, and we note that you say that the option we asked for, for our clients, Lowenthal & Franks, of the 'Blue Ribbon' restaurant, 137 Madison street, will be referred to Mr. Taft.   We have obtained an option from the Pabst Brewing Company for their lease, and the negotiations now depend upon the granting of an option by you for an additional five years, as they cannot afford to make the expensive alterations for such a short time. The Pabst Brewing Company not only consent to our dealing directly with you, but they insist they will not take a further lease of the premises, and that we must deal with you. No doubt they have lost money there—the place is now closed.   Our clients are responsible and experienced men and we think they can make a success of the enterprise.   We enclose a proposition to us, which we think covers the matter and protects you."

The following is the enclosure mentioned in said letter:

"Messrs. Baird & Warner, 90 LaSalle Street, Chicago.
Gentlemen:

We will lease the premises located at 137 Madison street, comprising the space now occupied by the 'Blue Ribbon' restaurant to your clients, Lowenthal & Franks, from May 1st, 1904, for five years at an annual rental of $8,000 a year, provided they satisfy us of their financial responsibility or have a guarantor on the lease who is acceptable to us; this proposition to remain open and in force until May 1, 1903. Provided a lease is made to them for five years at $8,000 a year we will pay you $640 as commissions, figured according to the Real Estate Board rates."

August 5, 1902, Mrs. Taft, by Schmalstig, wrote Baird and Warner as follows:

"Gentlemen:

With reference to the proposition made by you for your clients, Messrs. Lowenthal & Franks, for the premises now occupied by the Pabst Brewing Company, 137 E. Madison St., your city, will say, that after due consideration of the matter we are prepared to make the following proposition to you: The present premises as understood by your proposition are to be converted into a first-class theatre and therefore shall be used only for first-class theatricals, dramatic, operatic, musical or other first-class entertainments, all of which are to be strictly moral, and that nothing of an immoral or immodest nature shall be permitted or allowed therein, and such performance must be conducted in such a peaceable manner as not to annoy other tenants in said premises or thereto adjoining, and that the store room shall be used only as an approach to said theatre or an exit therefrom, but shall not be used for the sale of any spirituous or fermented liquors; neither shall they be served or consumed therein, and there shall be no loitering in said store room or on the sidewalk or any gathering of crowds on the sidewalk at any time. In complying with the foregoing, we will give you an option until May 1st, 1903, to lease said premises for a term of five years from the first day of May, 1904, such option, however, (being second to any privilege of renewal which may be asked for by the Pabst Brewing Company) for the

sum of $8,500 per annum, payable in monthly installments in advance on the first day of each month. Also to pay all taxes on the improvements to be made, and to carry at their expense in the name of the lessor, insurance on the real estate of said theatre of not less than $25,000 in companies to be approved by the lessor and policies to be in possession of lessor. Said lease to have a guarantor who is acceptable to us. If the lessee is desirous of renewing the lease, six months prior notice shall be given to the lessor for his consideration, and at the expiration of the term or any renewal thereof, such improvements as shall be termed a part of the Real Estate shall remain or be restored to their present conditions at the option of the lessor without charge. The lease, if made, to include the general conditions of leases as provided by the Chicago Real Estate Board, and such provisions as more particularly applying to conducting theatres.

Yours respectfully,
A. S. Taft By C. Schmalstig, Agt."

August 8 Baird & Warner wrote Schmalstig:

"Your favor of the 5th inst. at hand embodying option for a five year lease on the 'Blue Ribbon' restaurant, 137 Madison street, from May 1, 1904." * * *

Lowenthal and Franks accepted the proposition contained in Mrs. Taft's letter of August 5, and obtained from the Brewing Company a lease of the premises from August 1, 1902, to April 30, 1904. December 13, 1902, they assigned their interest in said premises acquired under the lease from the Brewing Company and under the agreement made by the proposition of Mrs. Taft of August 5, and the acceptance thereof by them, to the complainant. Complainant took possession of the premises in August, 1902, under the lease from the Brewing Company to Lowenthal and Franks, and expended about $30,000 in converting the premises into a theatre. Complainant repeatedly demanded that Mrs. Taft execute a formal lease in accordance with the provisions of her letter of August 5, 1902, and she promised to execute such a lease, but none was ever executed. Both parties treated that letter and its acceptance as a contract of letting, as a lease, and under it complainant remained in possession of

the premises from May 1, 1904, to April 30, 1909, and paid the rent and performed the conditions mentioned in the letter of August 5.

The letter of Mrs. Taft of August 5 contains the following provision: "If the lessee is desirous of renewing the lease, six months prior notice shall be given to the lessor for his consideration, and at the expiration of the term or any renewal thereof such improvements as shall be termed a part of the real estate shall remain or be restored to their present conditions, at the option of the lessor, without charge." It is not disputed here that this letter of Mrs. Taft is to be treated as a lease of the premises to appellant for the term of five years from May 1, 1904, at the rent and on the terms stated in that letter. When a right to renew is given in a lease, the right is to a renewal on the terms of the original lease save only the renewal clause. But the question here is not as to the terms of a renewal but is, whether the provision quoted gives to the lessee any right of renewal.

We do not think that the provision should be construed to give to the lessee a right of renewal. It provides that, "If the lessee is desirous of renewing the lease, six months prior notice shall be given to the lessor *for his consideration.*" The provision contains no words of promise or undertaking to renew on receipt of notice that the lessee is desirous of renewing, and the provision that such notice shall be given to the lessee "for his consideration" is inconsistent with the idea of the grant of a present right to renew.

The letter of August 5 was a rejection of the proposition theretofore made to Mrs. Taft, and the statement of a new offer complete in all its terms and conditions.

The previous correspondence of the parties may be considered for the purpose of determining the meaning and intention of the parties in the use of the words employed in the letter of August 5, but not for the purpose of varying or contradicting the plain terms of that letter. Auditorium Ass'n v. Fine Arts Bldg., 244 Ill. 532.

In the letter of July 12 Baird & Warner asked for an option for a "five or ten years lease from May 1, 1904." In

their letter of July 28 they asked for an option for a five years lease from the same date. The first mention of a renewal is found in the Taft letter of August 5.

In the Auditorium case *supra* it was also said that the acts of the parties contemporaneous or subsequent, indicative of their construction placed on an instrument, may be resorted to for the purpose of determining the true meaning of the instrument. In the letter of Baird & Warner to Schmalstig of August 8, and in their letter to Lowenthal and Franks of August 9, they speak of the option as an option for a five years lease. In Lowenthal's letter to the Brewing Company of September 2, 1902, he says: "When we rented the Blue Ribbon Restaurant from you, or rather when we had Baird & Warner investigate the renting of the restaurant from you, we stated as a condition precedent that they should secure an option for us for the following five years from the owners at Cincinnati. * * * Having secured that option which insured the tenancy of the premises for us for the next six, seven years," etc. In their assignment to complainant of December 13, 1902, and in their declaration of trust dated January 14, 1903, Lowenthal & Frank mention an option from the owners to lease the premises in question to them for five years from May 1, 1904. In May, 1905, complainant wrote Mrs. Taft that it desired to lease a room adjoining the entrance to the theatre from the expiration of the then tenant's lease, "up to the time of the expiration of the lease we have on the other property," and May 31 took a lease for said room from October 1, 1905, to May 1, 1909. In no writing offered in evidence other than the letter of August 5 is there any mention of a renewal of the lease or any suggestion that complainant had or claimd any right in the premises extending beyond May 1, 1909.

We find in the previous correspondence or subsequent acts of the parties no support of the contention here made that the letter of August 5 gave complainant the right, on notice, to a renewal of its lease.

The contention of appellant that Mrs. Taft by her acts or conduct, or by the acts or conduct of any one acting for

her, is estopped from denying that appellant has a right to
a renewal of the lease, cannot, in our opinion, on the evidence
in the record, be sustained.

The master found, and the chancellor approved the find-
ing, that the fair rental value of the premises from May 1,
1909, was $18,500 per year, and that complainant had not
wilfully held over the premises after the expiration of its
term, within the meaning of section 2 of the Landlord and
Tenant Act, and therefore was not liable under said section
for double rent. We think that both conclusions are proper
on the evidence in the record. We are unable to see any
ground on which complainant is entitled to the relief prayed,
and think the decree gives to Mrs. Taft the relief to which
she is entitled.

The order of this court of February 4, 1910, continuing in
force the injunction will be vacated, and the decree of the
Superior Court will be affirmed.

*Affirmed.*