Industrial Loan Company, Defendant in Error, v.
Vahan G. Kezirian, Plaintiff in Error.

term, 1930. Heard in this court at the May
Opinion filed September 22, 1930.

KEEFE, BANDY & LISTEMAN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the
court.

The defendant in error instituted a suit before a
justice of the peace against the plaintiff in error and
two other parties, on which it recovered a judgment
of $99.20 against all of the defendants in the original
suit. An appeal was perfected from the judgment
rendered by the justice of the peace to the county court
of St. Clair county, Illinois. The suit was dismissed
as to all of the parties except the plaintiff in error.

At the March term of said county court the case was
called for trial. The defendant was called but did not
answer, and default was entered against him by the
court. The court without the intervention of a jury,
and without a jury trial having been waived by the
plaintiff in error, proceeded to hear the evidence in
behalf of the defendant in error and found that the

plaintiff in error was indebted to the defendant in error for the sum of $140.20. Judgment was rendered against the plaintiff in error for said sum. To reverse this judgment of the county court the plaintiff prosecutes this writ of error.

It is the contention of the plaintiff in error that the trial court was without authority to enter a default against him and to hear evidence in the case without the intervention of a jury, without the plaintiff in error having waived his right to a jury trial.

In all actions that originate before a justice of the peace the pleadings are *ore tenus* and no written pleadings are required. In contemplation of law such pleas as are necessary to present the defense of the defendant are on file and before the court. (*Davies v. Apperson,* 146 Ill. App. 348; *Latham v. Sumner,* 89 Ill. 233.) The record in this case does not show that a jury was waived by the plaintiff in error, and it was reversible error for the trial court to proceed to try the issues in this case without the intervention of a jury, when the defendant to the action did not waive a trial by jury. (*Klein v. Wells,* 82 Ill. 201; *Tongeln v. Knoll,* 227 Ill. App. 317; *Barnett v. Craig,* 38 Ill. App. 96.)

For the reasons stated herein the judgment of the county court of St. Clair county is hereby reversed and the case remanded.

*Reversed and remanded.*