Blanche Seron, Assignee of W. W. Mollan, Appellee,
v. Walter J. Carlson, Appellant.

Gen. No. 8,886.

Heard in this court at the October term, 1934. Opinion filed April 22, 1935.
Rehearing denied June 26, 1935.

Lewis M. Levinson, of Joliet, for appellant.

Pence B. Orr, of Joliet, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Blanche Seron, as assignee of W. W. Mollan, started suit in a justice of the peace court in Will county, against Walter J. Carlson, to recover rent for certain property in said county. The case was heard on the 29th of January, 1934, before the justice. Before the trial the defendant demanded and was furnished a bill

of particulars, which was filed in the justice of the peace court. The justice of the peace heard the evidence without a jury and found in favor of the plaintiff and entered judgment against the defendant in the sum of $175. From this judgment the defendant perfected an appeal to the circuit court of Will county. In due course the case was called and set for trial on May 28, 1935, before the Honorable Edwin L. Wilson, presiding judge. At the time but before the hearing commenced, the defendant, by his counsel, by way of an oral motion demanded a trial by a jury. The court overruled the motion and proceeded to hear the evidence. The defendant refused to go to trial without a jury and took no part in the hearing of the case.

Mr. W. W. Mollan, a witness called on behalf of the plaintiff, testified to renting the premises and to the amount due as rent for the same and that he assigned his claim for the rent to Blanche Seron. At the conclusion of the hearing the court found the issues in favor of the plaintiff and assessed her damage at $175 and entered judgment against the defendant for this amount. From this judgment the case is brought to this court on appeal. While there are six assignments of error, or points relied upon for reversal of the case, we have grouped these into two classes. The first is: The court erred in refusing the demand of the defendant for a trial by a jury; the second is that the suit was not properly brought by Blanche Seron as assignee.

Article 1, section 1, of the Illinois Practice Act of 1933, Cahill's St. ch. 110, ¶ 129, provides as follows: "The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record. . . . As to all matters not regulated by statute or rule of court, the practice at common law and in equity shall prevail." Section 64, Article 1, of the Practice Act is as follows: "A plaintiff desirous

of a trial by a jury shall make his demand for a jury in writing, and file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by a jury shall make such demand and file the same at the time of filing appearance; otherwise such party shall be deemed to have waived a jury.''

The question presented for our consideration is whether the Illinois Practice Act of 1933 applies to appeals from a justice of the peace. In the case of *Industrial Loan Co. v. Kezirian,* 259 Ill. App. 47, in discussing a similar case the court use this language: ''It is the contention of the plaintiff in error that the trial court was without authority to enter a default against him and to hear evidence in the case without the intervention of a jury, without the plaintiff in error having waived his right to a jury trial.

''In all actions that originate before a justice of the peace the pleadings are *ore tenus* and no written pleadings are required. In contemplation of law such pleas as are necessary to present the defense of the defendant are on file and before the court. (*Davies v. Apperson,* 146 Ill. App. 348; *Latham v. Sumner,* 89 Ill. 233.) The record in this case does not show that a jury was waived by the plaintiff in error, and it was reversible error for the trial court to proceed to try the issues in this case without the intervention of a jury, when the defendant to the action did not waive a trial by jury.'' (*Klein v. Wells,* 82 Ill. 201; *Tongeln v. Knoll,* 227 Ill. App. 317; *Barnett v. Craig,* 38 Ill. App. 96.)

There is no question but that on a hearing of an appeal from a justice of a peace in the circuit court that the trial is *de novo* and written pleadings are not required. At common law the only way a party litigant could be deprived of his right to a trial by a jury was by expressly waiving the same. Any statute that attempts to deprive a litigant of this right should be strictly construed. It is our opinion the Practice Act

of 1933 does not apply to appeals from a justice of the peace, but they are governed by the Justice of the Peace Act, Cahill's St. ch. 79, and that the court erred in refusing to grant the defendant a jury trial.

The appellant contends that the evidence does not sustain the findings of the trial court and that the suit was improperly brought. We have examined the evidence and we think that it fairly tends to show that the defendant was indebted to the plaintiff and had promised to pay the indebtedness. As written pleadings are not necessary on an appeal from a justice of the peace to the circuit court, the objections to the plaintiff's pleadings are not well taken.

Because of the error committed by the trial court in not granting the defendant's demand for a jury trial, the judgment of the circuit court of Will county is hereby reversed and the case remanded.

*Reversed and remanded.*