The North American Provision Company, Appellant, v.
S. J. Kinman, Appellee.

Gen. No. 8,996.

Opinion filed January 15, 1937.

MAX W. KRAMER, of St. Louis, and ROBERT J. HARD-
ING, for appellant.

C. C. WORTHY, of Hardin, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion
of the court.

The appellant instituted a suit before a justice of
the peace against the appellee on an account claimed
to be due. The hearing was had in the justice court
and the appellant recovered a judgment against the

appellee in the sum of $105 and costs of suit. An appeal was prayed and perfected from the judgment rendered by the justice to the circuit court of Calhoun county, Illinois.

On Tuesday, the second day of April, 1935, the case was called for trial in the circuit court, and the appellant, The North American Provision Company, a corporation, did not appear, either in person or by attorney. The appellee waived a jury and the cause was submitted to the court for trial without the intervention of a jury and without a jury trial having been waived by the appellant. After hearing the testimony of the appellee, the court found the issues for the appellee and assessed his damages at the sum of $268.27 and costs of suit upon which finding judgment was entered in favor of the appellee and against the appellant for said sum of $268.27 and costs of suit. To reverse this judgment of the circuit court the appellant has prosecuted this appeal.

It is the contention of the appellant that the court erred in not calling a jury to try the issues joined, and also in hearing evidence and rendering judgment thereon without the intervention of a jury in the absence of the appellant or his attorney and without the appellant having waived its right to a jury trial. The appellee urges that even though appellant was entitled to a trial by jury, its conduct in neglecting to appear and assert its rights constituted a waiver and that it cannot now be heard to complain for the first time that it has been deprived of this right. In support of this contention appellee quotes the statute from the law in relation to justices of the peace and constables, Ill. State Bar Stats. 1935, ch. 79, ¶ 49; Jones Ill. Stats. Ann. 71.036 (ch. 79, Smith-Hurd R. S. ¶ 49), providing that in all cases of trial before a justice of the peace, either party may have the cause tried by a jury, "if he shall so demand before the trial is entered upon, etc." Appellee also insists that the case of *Heacock v.*

*Hosmer,* 109 Ill. 245, is authority for his position in this case. That case was brought in the superior court of Cook county under the Burnt Records Act to restore the title of a tract of land in Cook county. The only two questions raised in that case were whether or not the court erred in overruling an application for a change of venue and whether or not the allegations of the petition were sufficient to sustain the decree. The court denied the application for change of venue and held the petition sufficient under the Burnt Records Act. That was a case which called upon the court for the exercise of equitable powers and the right to a trial by jury was not necessary to a decision of the case. However, in passing upon the issues the court said that even though the appellant was entitled, under the Constitution, to a trial by jury notwithstanding the statute, she was in no position to complain because it was her duty to demand a jury and had the court refused her that right then she would be in a position to complain, and further held that as no jury was demanded the right of trial by jury was waived.

However, it has long been held, in both the Appellate and Supreme Courts of this State, that the right of trial by jury in cases at law is a constitutional right, and in any case where there are issues of fact to be determined a jury must be called to assess the damages unless it is expressly waived. In this case the appellant was entitled to a trial *de novo* in the circuit court and in contemplation of law all pleadings necessary to present every issue and defense of both parties were before the court. In the case of *Archer v. Spillman,* 2 Ill. 553, the court said, "The parties might, under the Statute, have authorized the Court to try the issue; but had they done so, it ought to have appeared on the record. For this irregularity in the proceedings, the judgment is reversed with costs." In *Klein v. Wells,* 82 Ill. 201, the court held that where there is an issue of fact pending in a case the court has no authority to try the issues and assess damages

unless a jury has been waived. In *Seron v. Carlson,* 280 Ill. App. 396, it was held that the Practice Act of 1933 does not apply to appeals from a justice of the peace and this case having been tried on April 2, 1935, rule 24½ of the Supreme Court of Illinois, adopted on June 18, 1935, could not apply to the facts in this appeal.

In repeated decisions of our Appellate Courts it has been decided that in an appeal of a civil action from a justice of the peace to the circuit court, each party litigant is entitled to a trial by jury and cannot be deprived of his right to such trial by any act of the adverse party or of the presiding judge without an actual waiver of trial by jury. The absence of a party litigant from the trial does not waive his right and a denial thereof is reversible error. *Davies v. Apperson,* 146 Ill. App. 348; *Tongeln v. Knoll,* 227 Ill. App. 317; *Industrial Loan Co. v. Kezirian,* 259 Ill. App. 47, and this rule is expressly approved in the late case of *Seron v. Carlson, supra.*

When this case was called for trial and no one appeared for or in behalf of appellant, the appellee might have proceeded with the trial of the case before the court and a jury but the only way that appellant could be deprived of a right to a trial by jury was by expressly waiving the same. The record in this case shows no waiver of a jury by the appellant and there was no warrant in law for a motion of appellee's attorney to submit the cause for trial without a jury or for an order of the court to that effect. The action of the court in proceeding to trial and assessing the damages of appellee, without the intervention of a jury, was substantial error requiring a reversal of the judgment. *Barnett v. Craig,* 38 Ill. App. 96.

For the reasons indicated the judgment is reversed and the cause is remanded to the circuit court of Calhoun county for retrial.

*Reversed and remanded.*