Garland J. Ogden and Helen V. Ogden, Appellees, v. William Lakin and Mrs. William (Roxana) Lakin, Appellants.

**Gen. No. 9,566.**

Opinion filed March 12, 1948. Released for publication April 7, 1948.

EARL S. HODGES, of Springfield, for appellants; DUANE L. TRAYNOR, of Springfield, of counsel.

J. H. WEINER, of Springfield, for appellees.

Mr. Justice Hayes delivered the opinion of the court:

Plaintiffs, Garland J. Ogden and Helen V. Ogden, purchased certain property in October 1946, in the City of Springfield. Shortly thereafter they applied to the local rent control office for leave to evict William and Roxana Lakin, the tenants then occupying the premises, and to occupy the premises themselves. On October 29, such authority was granted by the O.P.A. An amended Certificate of Authority was later issued by the O.P.A. correcting an error in the address as stated in the original certificate. Plaintiff, in due course, commenced and carried through an action for forcible entry and detainer before a justice of the peace who gave judgment for plaintiffs. The Lakins appealed to the circuit court of Sangamon county, which, after motion, granted summary judgment for plaintiffs. Defendants have appealed to this court.

Defendants first contend that the circuit court erred in granting plaintiffs' motion for summary judgment because that procedure is not available in Forcible Detainer actions begun before a justice of the peace. They cite *Seron v. Carlson,* 280 Ill. App. 396; and *North American Provision Co. v. Kinman,* 288 Ill. App. 414. In the former case an appeal from a judgment for rent by a justice of the peace was involved. Defendant made an oral demand for a jury in the circuit court which was overruled by the court because of failure by defendant to comply with section 64 of the Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 188; Jones Ill. Stats. Ann. 104.064] requiring a demand for jury to be in writing and filed with the clerk. The Appellate Court for the Second District found this to be error, holding that the Civil Practice Act did not apply to appeals from justice courts. This court reached a similar conclusion in the *Kinman* case, *supra.*

In June 1935, the legislature amended the Forcible Detainer Act to provide that the provisions of

the Civil Practice Act should apply "to all proceedings hereunder in Courts of record, except as otherwise provided in this Act." This amendment was enacted after the proceedings in the circuit court in both the *Seron* and *Kinman* cases, *supra,* and it is our opinion that the legislature intended it to apply to all proceedings under the Forcible Detainer Act in courts of record whether addressed to the original jurisdiction of those courts or on appeal from a justice court. That being so, there is no question that the circuit court had power here to enter summary judgment. *Wainscott v. Penikoff,* 287 Ill. App. 78. Whether this amendment changes the effect of the decisions in the *Seron* and *Kinman* cases, *supra,* insofar as those decisions may be applied to forcible detainer cases, is not before us, especially since a determination of facts was there involved, while here only issues of law are raised.

Defendants next contend that the certificate of authority from the O.P.A. was addressed to Roxana Lakin alone and hence is insufficient authority for a suit against William Lakin, her husband. It appears from the record that plaintiffs' predecessor in title listed the property with the O.P.A. in Springfield, Illinois naming William Lakin a tenant. The certificate of authority to evict issued by the O.P.A. listed correctly the property whose possession was in question. Nor is it claimed that Roxana Lakin was not a tenant of the premises. It would therefore seem that having received authority to regain possession of the specific property from the O.P.A., plaintiffs have substantially complied with the required administrative procedure. Nor can we see how defendants are injured.

The decision of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*