John Schumacher, and Alice R. Schumacher, Plaintiffs-Appellees, v. John Fatten, Defendant-Appellant.

### Gen. No. 11,160.

Second District, First Division.

August 25, 1958.

Released for publication September 12, 1958.

Matthews, Jordan, Dean & Suhler, of Aurora (G. Everett Jordan, and Roger W. Eichmeier, of counsel) for defendant-appellant.

John Chivari, of Aurora, for plaintiffs-appellees.

JUSTICE McNEAL delivered the opinion of the court.

The plaintiffs, John Schumacher and Alice R. Schumacher, brought an action of forcible detainer against

the defendant, John Fatten, before a justice of the peace. On appeal from the justice court the Circuit Court of Kane County entered summary judgment against defendant and he appeals.

Plaintiffs' motion for summary judgment was supported by their attorney's affidavit showing: that on June 20, 1952, the parties made a written lease wherein plaintiffs leased a store building in Aurora to defendant for a term of five years beginning June 20, 1952, and ending June 20, 1957, "with option to renew," and defendant agreed to pay as rent for the premises $65 each month for the first year, and thereafter a minimum monthly rent of $65 or 1% of the gross sales, whichever was greater; that on March 21, 1957, plaintiffs served a written notice on defendant that his lease would not be renewed and that he was required to quit and deliver possession of the property on June 20, 1957; that they filed a complaint before a justice of the peace alleging defendant's forcible detainer of the property; that the justice found in their favor and entered judgment accordingly on July 8, 1957; and that an appeal was taken to the circuit court by the defendant, "although no genuine issue of a material fact exists in this cause." Copies of the lease, notice to quit, and the complaint and summons before the justice were attached to the affidavit.

On July 26, 1957, defendant filed a demand for a jury to try the cause in the circuit court, and thereafter an affidavit in opposition to plaintiffs' motion for summary judgment. In his affidavit defendant states that on March 12, 1957, he notified plaintiffs in writing that he was exercising his option to renew the lease for an additional five years upon the same terms and conditions. Defendant also states that the lease, copy of which was attached and made part of the affidavit, was prepared by plaintiffs after their agent and defendant had agreed upon the terms of the

lease, including a provision granting defendant an option to renew the lease for an additional five years under the same terms and conditions; and that he executed the lease, paid out large sums of money to decorate the premises, and paid his rent each month during the five-year term, in reliance upon the statements and agreements of plaintiffs' agent.

Plaintiffs' theory is that the circuit court properly granted their motion for judgment because their attorney's affidavit sets up all the essential elements required for judgment and defendant's affidavit failed to comply with the provisions of Supreme Court Rule 15 [Ill. Rev. Stats. 1957, ch. 110, § 101.15], which requires that an affidavit in opposition to a motion for summary judgment show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. In their motion to strike portions of defendant's affidavit, which was not ruled upon by the trial court, plaintiffs say that defendant is not a competent witness to testify to the matters in his affidavit by reason of section 2 of the Statute of Frauds (Ch. 59, Ill. Rev. Stat. 1957 [§ 2]), and that his entire defense is within the statute. Defendant contends that the trial court erred in entering summary judgment granting possession of the premises to plaintiffs because defendant had demanded a trial by jury; that the provision "with option to renew" in the lease gave defendant the right to renew the lease for a term of five years at the same rental; and that the provision is clear and unambiguous, but if not, parol evidence was admissible to explain the intention of the parties.

 Summary judgment procedure is available in the circuit court on an appeal from a justice court in an action of forcible detainer (Ogden v. Lakin, 334 Ill. App. 49; Barrett v. Bender, 334 Ill. App. 135), but it may not be used to impair right of trial by jury. The purpose of such procedure is not to try an issue

of fact but to determine whether one exists between the parties. Affidavits for plaintiffs should be construed strictly, those for defendant liberally. Plaintiffs' right to judgment should be free from doubt. If the defense is arguable, apparent, made in good faith, it should be submitted to a jury. The court is bound to accept statements of fact as true when alleged in defendant's affidavit. The whole record must be considered. Sampson Co. v. Mandel Bros., Inc., 3 Ill.App. 2d 92, 95; J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill.App.2d 132, 135.

In Eichorn v. Peterson, 16 Ill. App. 601, lessee had "the privilege to a further lease of five years" after expiration of the term. This court construed the provision as an agreement to execute a new lease and said: "It is supposed . . . that Hunter v. Silvers, 15 Ill. 176, holds that such an agreement for extension could not be set up as a defense in this (forcible detainer) action; that the remedy would be in equity to enforce specific performance of the contract. But it will be observed that at the time that case was decided, the statute on the subject of forcible detainer was in force which authorized a recovery in forcible detainer when the time for which the lease was to run by its terms had expired. . . . The act, however, was amended in 1872, changing the statute so as to allow recovery only in case the term had expired and the lessee was holding without right. . . . The substantial right of the appellee to the possession of the lot is the same, whether he has a covenant for a lease or a lease written out in due form of law. The difference is only one of form, and the appellant is in fault in not putting it in form."

In Hindu Incense Mfg. Co. v. MacKenzie, 335 Ill. App. 423, aff'd 403 Ill. 390, defendant executed a lease to the Royal Manufacturing Company which assigned the lease to plaintiff. The term of the lease was from June 1, 1943 until May 31, 1946, "with mutual option

to renew for an additional term of two years under the same terms and conditions." Lessee was given an option to purchase "at any time during the term of this lease." On March 11, 1946 plaintiff exercised its option to renew. On March 16, 1946, defendant wrote to plaintiff that he had elected to terminate the lease on May 31, 1946. The court entered a declaratory judgment construing the first option to mean that either party had the right to renew the lease for the additional period, and it construed the second option to mean that the right to purchase was effective up to the end of the renewed term. In affirming the trial court, the Appellate Court said: "It is stated in Underhill on Landlord & Tenant, Vol. 2, § 803: 'In the absence of an express provision that a new lease is intended to be executed, the presumption is that no new lease is intended.'" In the case cited the record disclosed that the lease was drawn by the lessor. The Court also said: "Under these circumstances the rule is well settled that the provisions of a lease should be most strongly construed against the lessor. Goldberg v. Pearl, 306 Ill. 436, 440 . . . ."

██ A general covenant to renew a lease is sufficiently certain to be enforceable and implies an additional term for the same period as the original lease and at the same rent. 51 C. J. S. 619, Landlord and Tenant Par. 71; 32 Am. Jur. 806, Landlord and Tenant Par. 958. A right to renew granted by a lease ordinarily is to a renewal on the terms of the original lease save only the renewal clause itself. 24 I. L. P. 338, Landlord and Tenant Par. 112, citing La Salle Theatre v. Taft, 156 Ill. App. 356, 362; United States Brewing Co. of Chicago v. Wolf, 181 Ill. App. 509, 511.

Counsel have referred to no Illinois decision construing an option to renew which fails to specify the duration of the new term or the amount of rent. Courts

of other jurisdictions have held that such an option implies an additional term at the same rental but without further renewal. In Hughes v. Windpfennig, 10 Ind. App. 122, 37 N. E. 432, the premises were leased for one year "with the privilege of renting the same for three years longer." The court held that this phrase granted a right of renewal upon the same terms of rental for the three years as for the first year and observed that otherwise the privilege would be mere idle words. In Tracy v. Albany Exchange Co., 7 N. Y. 472, 57 Am. Dec. 538, 540, the court said: "There are several decisions showing that a covenant in a lease to renew it, without providing in respect to the term to be granted or the amount of rent to be paid, implies a renewal for the same term and rent." In Saunders v. Sasser, 86 Ga. App. 499, 71 S.E.2d 709, lessee was given a term of five years with "the privilege of renewal at the end of said period by giving thirty days' notice." The court said: "The general rule is that where a lease for a stated period at a stated price contains an option of renewal which fails to specify either the duration of the new term or the amount of the rent, the intendment is that the renewal applies to a new term of the same duration for the same rent, and the fact that the rental value has increased in the meantime is immaterial." In Starr v. Holck, 318 Mich. 452, 28 N.W.2d 289, 172 A. L. R. 413, 418, the court said: "It is definitely settled by authority . . . that an agreement for an extension or renewal of a lease, without designation of the added period, is to be considered as contemplating an extension or renewal for a period equal to the original term. In Karn v. DiLorenzo, 95 Conn. 267, 111 A. 195, 196, it was said: 'It has uniformly been held that a general covenant to renew implies a renewal on the same terms and for the same time as the original lease, and therefore is sufficiently certain to

be enforceable.' " In Kean v. Story & Clark Piano Co., 121 Minn. 198, 140 N. W. 1031, where the. lease gave the lessee an option to rent for an additional term but the amount of the rent and time of payment were not specified for the additional term, the court·said that "the authorities leave no room for doubt that all of the terms of the original lease, with the exception of the one in regard to a renewal or extension, apply." In Penilla v. Gerstenkorn, 86 Cal. App. 668, 261 Pac. 488, the lease provided that lessee should have "the right of renewing this lease." The court said that "A general covenant to extend or renew implies an additional term equal to the first, and upon the same terms, including that of rent, except the covenant to renew." Plaintiffs have referred to no case contrary to these decisions cited by defendant, and we have found none.

In light of the authorities cited, it is our opinion that the provision "with option to renew" in the lease involved here, is clear and unambiguous, and means that lessee had a right to renew the lease for an additional term of five years at the same rent and under the same conditions as those provided in the original lease, except the option provision. Otherwise the provision is meaningless. In his affidavit defendant stated that he notified plaintiffs in writing that he was exercising his option to renew the lease. We conclude that the trial court was bound to accept this statement as true; that such notification was effective to renew the lease for a term of five years at the same rental and under the same conditions, except for further renewal, contained in the original lease; that the affidavits of the parties in support of and in opposition to plaintiffs' motion for summary judgment showed that a genuine issue as to a material fact did exist in the cause; and the action being at law and a jury demand having been filed in apt time by defendant, that the trial court erred in granting plaintiffs' motion and

394

in entering judgment thereon. Therefore, the judgment of the Circuit Court of Kane County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

DOVE, P. J. and SPIVEY, J., concur.