TILLMAN PEARSON, Judge.
The appellant, Southeastern Home Mortgage Company, was sued as an endorser upon a note. At the conclusion of a non-jury trial, the trial judge entered a judgment against the appellant. On this appeal the appellant urges that the judgment against it was erroneous because the trial judge as the trier of fact found that it was not an endorser.
A review of the record substantiates appellant’s position. The name of the appellant was typed on the note without a signature as follows:
“Endorsed by: William R. Moore [handwritten].
HOME MORTGAGE COMPANY OF FLORIDA [typewritten].
By: William R. Moore, President [typewritten].”
The finding of the trial judge as to the endorsement was as follows:
“THE COURT: I’m not finding that Home Mortgage is liable on the endorsement. I ruled on the endorsement, but they are liable for being a party to the transaction and participating in the proceeds, the same or equally as much as the others, or most of it.”
*425 The finding that the appellant did not endorse the note is supported by the record because there is no showing that the typewritten notation was placed upon the note by a person authorized to do so, nor is there a showing that the corporation adopted the typewritten signature. See cases collected at 11 Am.Jur.2d, Bills and Notes, § 210 (1963).
Having reached the conclusion that the appellant did not endorse the note, the trial court, in this common-law action, was powerless to hold appellant liable on the promissory note. The equitable theory that the appellant participated in the proceeds will not support the judgment. Falk v. Salario, 108 Fla. 389, 146 So. 193 (1933). Accordingly, the judgment against the appellant must be reversed. Therefore, other points presented by the appellant need not be considered.
The appellee has filed and argued a cross-assignment of error urging that the court erred in failing to allow him interest from the date of the maturity of the note to the date of the judgment. This cross-assignment or error must be considered because the other defendants who have not appealed were made parties to the cross appeal pursuant to Florida Appellate Rule 3.11, subd. a, 31 F.S.A.
The note showed upon its face that the provision for interest after maturity was stricken from the note at the time of execution. We hold that the striking of the provision for interest after maturity from the note created an ambiguity and that testimony explaining such ambiguity was properly admitted. 17A C.J.S. Contracts § 317. The uncontroverted testimony before the trial judge indicated that it was the intention of the parties, by altering the note, to exclude the element of interest both before and after maturity. Tire finding of the trial judge on the issue of interest is supported by the evidence and will not be reversed. Highland Lakes, Inc., v. Art Present Real Estate, Inc., Fla.App. 1962, 147 So.2d 348.
The judgment against the appellant, Southeastern Home Mortgage Company, is reversed and the judgment against the remaining defendants is affirmed.
Affirmed in part and reversed in part