SCHOONOVER, Judge.
This is an appeal from a partial summary judgment against Keith Taylor, Ronald Mixon, and Donald Sutherland, d/b/a Victoria Partnership, hereinafter referred to as Victoria.
We affirm as to all matters ruled on by the lower court except that portion of the judgment finding Victoria responsible for payments under a parking lot lease with plaintiff below, Florida Power & Light Company, a Florida corporation, hereinafter referred to as FP&L.
On April 1, 1967, FP&L entered into a lease with the co-trustees of the last will and testament of Gilmer M. Heitman, Sr. The lease covered lots one to eleven, block D, of First and Main Street addition, Lee County, Florida. On April 19, 1967, FP&L entered into a lease with Gilmer M. Heit-man, Jr. for a portion of block 8, James Evans homestead, Lee County, Florida. This lease was for a parking lot, approximately one block away from the property described in the first lease. Both leases were for fifteen years beginning December 1, 1967, and contained provisions establishing a set amount of rent for the first ten years, but leaving open the amount of rent for the final five years of the term.
On January 2, 1974, FP&L entered into another lease for new offices with Victoria. Paragraph 12 of that lease provided as follows:
12. The Landlord shall assume all financial responsibilities for the five (5) year period commencing 1 December 1977 and ending 30 November 1982 for the facility presently occupied at 1601 Lee Street, Fort Myers, Florida, by the Tenant, under the Tenant’s lease arrangement with the Exchange National Bank of Tampa, Gilmer M. Heitman, Jr. and Dorothy H. Turner. The rental rate shall be that agreed upon under the terms as specified in paragraph # 1 (c)(ii) page 4 of the Tenant’s present lease made and entered into April 1, 1967.
When FP&L and the other parties could not agree on their rights and responsibilities under the respective leases, FP&L filed an action for declaratory judgment. The lower court entered a partial summary judgment for FP&L which held Victoria responsible for the payments due under the parking lot lease.
*295 FP&L contends that the parties intended Victoria to be responsible for payments due under both leases, and Victoria contends that paragraph 12 of their lease with FP&L only spoke to the lease of the office building.
We agree with Victoria’s contention. They correctly assert that the words in an agreement are presumed to have been used with their ordinary and customary meaning. Pottsburg Utilities, Inc. v. Daugharty, 309 So.2d 199 (Fla. 1st DCA 1975). It is clear the agreement requires Victoria to assume certain financial responsibilities under the lease entered into on April 1, 1967, and not under the lease entered into on April 19, 1967.
The omission of any reference to the parking lot lease in paragraph 12 must be taken as evidence that the parties did not intend to have it included.
We accordingly reverse that portion of the partial summary judgment holding Victoria financially responsible for the April 19,1967, lease, but affirm the lower court in all other respects.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB, C. J., and CAMPBELL, J., concur.