408 So.2d 748 (1982)
George GOLDBLOOM, and Emanuel Edelstein d/b/a Mg Investment, Appellants,
v.
J. I. KISLAK MORTGAGE CORPORATION, Appellee.
No. 81-649.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Bertha Claire Lee and Gerald F. Richman and Robert C. Biegen, Miami, for appellants.
Steel, Hector & Davis and Talbot D'Alemberte, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
*749 SCHWARTZ, Judge.
The appellants, Goldbloom and Edelstein, doing business as MG Investment, are the owners of office space rented to the appellee, Kislak. They were the plaintiffs below in an action for a declaratory judgment as to the terms of their lease and for the recovery of double rent under Sec. 83.06(1), Fla. Stat. (1979). This is an appeal from a summary judgment against them which determined that an option provision in the lease entitled Kislak to a five-year renewal at the same rent. We reverse.
The record shows that a 1974 lease was renegotiated in April, 1977 primarily to reflect changes in the areas of the office building occupied by the tenant. At that time, Kislak prepared and presented to MG a three-year lease form which contained the following renewal clause.
SUBJECT TO THE CONTINUED GOOD STANDING OF LESSEE IN THE PERFORMANCE OF ITS OBLIGATION PURSUANT TO THIS LEASE, THE LESSOR HEREBY GRANTS TO LESSEE THE OPTION TO RENEW THIS LEASE AGREEMENT FOR AN ADDITIONAL TERM OF FIVE (5) YEARS AS SET FORTH IN THIS LEASE... .
Goldbloom, who was representing MG in the matter, vehemently objected to the phrase "as set forth in this lease" on the ground, he said, that it would have permitted renewal for the same amount of rental provided in the existing lease. Since he demanded the right to renegotiate the rental at the end of the term, he refused to sign the lease as drawn. Kislak's agent was Sylvia Woodall. While, during the present litigation, she could not recall the reason for Goldbloom's objection to the phrase, she did remember that it had been vigorously asserted. In any event, because of MG's position, the parties mutually agreed to delete the term from the draft. As amended, the option provision of the lease finally executed by both sides appears as follows:
SUBJECT TO THE CONTINUED GOOD STANDING OF LESSEE IN THE PERFORMANCE OF ITS OBLIGATION PURSUANT TO THIS LEASE, THE LESSOR HEREBY GRANTS TO LESSEE THE OPTION TO RENEW THIS LEASE AGREEMENT FOR AN ADDITIONAL TERM OF FIVE (5) YEARS AS SET FORTH IN THIS LEASE... .
 GB
 SW
 (Initialed by parties)
Notwithstanding the revision, in 1980 Kislak purported to exercise the renewal option at the same rental previously provided. Consistent with that position, it remained on the premises subsequent to the expiration of the three-year term, tendering only those amounts in rental payments. MG demanded a renegotiation of the rental and, after that was declined, the immediate possession of the leasehold. Finally, the landlord commenced this action. The proceeding was terminated by a summary judgment for Kislak holding that the final draft of the option clause unambiguously provided for a renewal at the same rental as the existing term, so that parol evidence as to the parties' perhaps contrary intention could not be received. We disagree with this conclusion.
Even though, as shall be seen, the result would surely be otherwise if it did not occur, it seems obvious that the parties' deletion of the expression "as set forth in this lease" created, at the least, an ambiguity as to whether the renewal should nevertheless be on the terms "set forth in this lease," which required reference to extrinsic evidence and could therefore not properly be resolved by summary judgment.[1] See generally, Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Macina v. Magurno, 100 So.2d 369 (Fla. 1958); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981), and cases cited; Kirsh v. Mannen, 393 So.2d 63 (Fla. 3d DCA 1981), and cases cited. This result is required not only by the common sense of the *750 situation but by a prior decision of this court which we consider indistinguishable from the present case. In Southeastern Home Mortgage Co. v. Roll, 171 So.2d 424 (Fla. 3d DCA 1965), the parties had, on its face, deleted from a note a provision for interest after maturity. Even though the legal effect of the remaining language of the instrument clearly would have required the payment of that interest,[2] 47 C.J.S. Interest § 45 (1946), we stated:
The note showed upon its face that the provision for interest after maturity was stricken from the note at the time of execution. We hold that the striking of the provision for interest after maturity from the note created an ambiguity and that testimony explaining such ambiguity was properly admitted. 17A C.J.S. Contracts § 317. The uncontroverted testimony before the trial judge indicated that it was the intention of the parties, by altering the note, to exclude the element of interest both before and after maturity. [e.s.][3]
171 So.2d at 425. See also, Taylor v. Florida Power & Light Co., 407 So.2d 293 (Fla. 2d DCA 1981).
Kislak cites a mass of authority  there is none to the contrary  that an otherwise silent agreement simply to renew an existing lease implies that the renewed term is for the same rental as the existing one. Schumacher v. Fatten, 18 Ill. App.2d 387, 152 N.E.2d 402 (1958); Hughes v. Windpfennig, 10 Ind. App. 122, 37 N.E. 432 (1894); Scirpo v. McMillan, 355 Mass. 657, 247 N.E.2d 368 (1969); Davison v. Rodes, 299 S.W.2d 591 (Mo. App. 1956); 51C C.J.S. Landlord and Tenant § 71 (1968); 50 Am.Jur.2d Landlord and Tenant § 1165 (1970). The basis of these holdings is "that when there are no terms stated in the option the parties [are deemed to] contemplate that the lease will be renewed on the same terms in the original agreement." [e.s.] Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720, 727 (5th Cir.1959). We do not at all disagree with this doctrine, but it has no application to the present case. Here, unlike each of the cited decisions, the face of the option clause, which reflects the deletion, is not silent on the issue. To the contrary, it affirmatively indicates  as the note did in the Roll case  that the parties addressed the very issue in dispute and not only may not have "contemplated" the same rental but may in fact have "contemplated" quite the opposite.[4] And there is surely nothing in the remaining words of the option, which contain no specific reference to the amount of rent at all,[5] which themselves preclude reference to the surrounding circumstances in order to determine the answer to the ultimate question in any issue of contract construction: the intent of the parties. 11 Fla.Jur.2d Contracts § 107 (1979). The parol evidence rule  of which the principle argued by Kislak represents but a single aspect  is based on the premise that that intent is necessarily expressed in the language of the instrument itself. When, contrariwise, as here and in Roll, it appears from the written contract that this is not the case, the rule has no application. See cases and authorities cited supra.
*751 For these reasons, the judgment under review is reversed and the cause remanded for a jury trial[6] to be conducted in accordance with the views expressed herein.
Reversed.
NOTES
[1] The landlords do not ask that we require the entry of summary judgment in their favor and seek only reversal for a jury trial. Of course, we express no opinion as to the ultimate outcome of the trial or the case itself.
[2] Just as an otherwise silent lease renewal provision would have required the same rental in the new term. See cases and authorities cited by Kislak and discussed infra.
[3] This holding, which is essentially that a facial deletion may create an ambiguity, is closely related to the majority viewpoint that reference to such a deletion may be employed to resolve one which otherwise exists. 4 Williston on Contracts § 622, n. 20 (Jaeger 3rd ed. 1961).
[4] It should be pointed out that acceptance of the appellants' position that no rental for the renewal term had been agreed upon would mean that the option is unenforceable and nugatory. Hughes v. Windpfennig, supra. This presents a strong argument in support of the appellee's factual contention that the parties' intentions must have been otherwise. City of Orlando v. Murphy, 84 F.2d 531 (5th Cir.1936), cert. denied, 299 U.S. 580, 57 S.Ct. 45, 81 L.Ed. 427 (1936).
[5] Kislak's cases merely imply such an intention from silence. On the other hand, if the clause had said the renewal rent would be, say, "at $15.00 a square foot," the deletion of "as set forth in this lease" could not create an ambiguity.
[6] We also agree with the appellants' contention that the trial court erroneously set the cause for non-jury, rather than jury trial as they had demanded. Hoffman v. Terry, supra; Commercial Trading Co. v. Zero Food Storage, 199 So.2d 109 (Fla. 3d DCA 1967), cert. denied 204 So.2d 332 (Fla. 1967).